UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROJECT ON GOVERNMENT OVERSIGHT,<br><br>*Plaintiff,*<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE OFFICE, OF LEGAL COUNSEL,<br><br>*Defendant*. | Civil Action No. 20-1415 (ABJ) |

## JOINT STATUS REPORT

Pursuant to the Court's July 7, 2023, Minute Order, Plaintiff Project on Government Oversight and Defendant U.S. Department of Justice, Office of Legal Counsel ("OLC"), by and through undersigned counsel, hereby submit this Joint Status Report ("JSR"). The parties report as follows:

1. This Freedom of Information Act ("FOIA") matter involves five separate FOIA requests submitted by Plaintiff to OLC.

2. <u>Request A FY 19-001:</u> On August 12, 2021, OLC provided Plaintiff with a final determination with respect to this request. OLC re-processed the records and provided a final determination on April 28, 2023.

3. <u>Request B FY 19-034:</u> OLC completed processing of this request. On March 15, 2021, OLC provided Plaintiff with one document, 28 pages total, and referred 28 documents, 75 pages total, to the Office of Information Policy ("OIP") for processing and direct response to Plaintiff. OIP previously reported that it anticipated providing response on October 13, 2021; however, was still waiting on two consults to be returned to it. On November 9, 2021, OIP released

and withheld in part twenty-six (26) pages pursuant to Exemption 5 and 6 and withheld in full forty-seven pages pursuant to Exemption 5.

4. <u>Request C FY 19-057:</u>  OLC provided Plaintiff with a final response to this request on September 25, 2020.

5. <u>Request D FY 19-177:</u>  OLC confirmed that the responsive records have been identified and located. OLC previously indicated that these responsive records required consultations with other executive branch entities and those consultations were sent out prior to the change of the Administration. As previously reported OLC recently received the final consultation response and provided a final response on January 17, 2022.

6. <u>Request E FY 20-038:</u> Based on the narrowed scope of the request, OLC provided Plaintiff with a final response on October 30, 2020.  In another case addressing the same documents OLC recently got an opinion (3/26/21) finding that applications of the privileges were proper, but leaving possibility that the privileges were waived and deferring a final ruling until the Court can conduct in camera review on that question.  On May 17, 2021, the court ordered disclosure of particular excerpts from the document. *See Protect Democracy Project v. Dep't of Justice*, Civ. A. No. 20-172 (RC).  On July 16, 2021, pursuant to the Court's order a redacted version was provided to Plaintiff Protect Democracy Project.  Plaintiff has been provided with the redacted copy that was released in that case.

7. Defendant has completed producing all non-exempt records. Plaintiff has completed its review of the completed production.  As previously reported, Plaintiff has agreed to dismiss, including not to contest the adequacy of the search or withholdings, if any, relating to Request B FY 19-034, Request C FY 19-057, Request D FY 19-177, and Request E FY 20-038.

8. The parties have narrowed the scope of discussions to the last remaining request,

Request A FY 19-001. As previously reported, Defendant agreed to re-process the request and made a release of the re-processed records on April 28, 2023. Plaintiff completed its initial review of the re-processed records and the parties met and conferred on June 29, 2023. Plaintiff *inter alia* had questions and requested additional information regarding the Exemption 5 withholdings. Defendant recently provided additional information regarding the Exemption 5 withholdings.

9. In terms of Request A FY 19-001, Plaintiff does not waive its rights to challenge in the United States District Court for the District of Columbia the completed production. Plaintiff's challenges to the remaining request could include, but are not limited to, the withholding of documents or the redaction of material contained within documents based upon the improper invocation of the FOIA exemptions and the nonproduction of documents.

10. The parties need additional time to discuss and narrow the remaining issues.

11. In light of the above, the parties believe that summary judgment briefing is premature. Therefore, the parties propose submitting another Joint Status Report on Septemebr 15, 2023, updating the Court on the parties' discussion, and whether the parties will propose a briefing schedule for any areas where the parties cannot come to an agreement.

*   *   *

Dated:   August 14, 2023

/s/ Ross A Nabatoff
ROSS A. NABATOFF
Law Office of Ross a Nabatoff
1440 G Street, N.W.
Washington, D.C. 20005
(202) 650-0337
 ross@ranlawfirm.com

*Counsel for Plaintiff*

Respectfully submitted,

MATTHEW M. GRAVES
D.C. Bar # 481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

/s/ Stephanie R. Johnson
STEPHANIE R. JOHNSON
D.C. Bar # 1632338
Assistant United States Attorney
United States Attorney's Office
Civil Division
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-7874
Stephanie.Johnson5@usdoj.gov

*Counsels for Defendant*