UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PROJECT ON GOVERNMENT
OVERSIGHT,

*Plaintiff,*

v.

DEPARTMENT OF JUSTICE,
OFFICE OF LEGAL COUNSEL,

*Defendant.*

Civil Action No. 20-1415 (ABJ)

## DECLARATION OF TRISHA ANDERSON

I, Trisha Anderson, declare as follows:

1.     I am a Deputy Assistant Attorney General in the Office of Legal Counsel ("OLC") of the United States Department of Justice (the "Department").   I joined OLC in this position in January 2022, and since late 2022 I have had the responsibility, among other things, of supervising OLC's responses to requests it receives under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.   I submit this declaration in support of the Department's Motion for Summary Judgment in this case.   The statements that follow are based on my personal knowledge, as well as on information provided to me by OLC staff working under my direction, and by others with knowledge of the matters at issue in this case.

## OLC'S RESPONSIBILITIES

2.     The principal function of OLC is to assist the Attorney General in his role as legal adviser to the President of the United States and to departments and agencies of the Executive Branch.   OLC provides advice and prepares opinions addressing a wide range of legal questions involving the operations of the Executive Branch.   OLC does not make policy decisions, and in

fact lacks authority to make such decisions. OLC's legal advice and analysis may inform the decisionmaking of executive branch officials on matters of policy, but OLC's legal advice is not itself dispositive as to any policy adopted.

3.      Although OLC publishes some opinions and makes discretionary releases of others in furtherance of transparency interests, OLC legal advice in all its forms is generally kept confidential, regardless of the recipient within the Executive Branch. The President and other executive branch officials (like other public- and private-sector clients) often depend upon the confidentiality of legal advice in order to fulfill their duties effectively. One important reason OLC legal advice often needs to stay confidential is that it is part of a larger deliberative process—a process that requires confidentiality to be effective. If government agencies and OLC had to conduct deliberations with knowledge that their deliberations were open to public view, such discussions would naturally be chilled or inhibited, and the quality of government policy making would suffer as a result.

4.      These deliberative confidentiality concerns apply with particular force to OLC advice because of OLC's role in the decisionmaking process: OLC is often asked to provide advice and analysis with respect to difficult and unsettled issues of law. Frequently, such issues arise in connection with highly complex and sensitive activities of the Executive Branch. So that executive branch officials may continue to request, receive, and rely on candid legal advice from OLC on such sensitive matters, it is essential that OLC legal advice provided in the context of internal deliberations—and executive branch officials' willingness to seek such advice—not be inhibited by concerns about public disclosure.

5.      The foregoing considerations regarding the need for confidential executive branch deliberations are particularly compelling in the context of the provision of legal advice, given the nature of the attorney-client relationship.   There is a special relationship of trust between a client and an attorney when the one seeks and the other provides independent legal advice.   When the advice is provided in confidence, it is protected from compelled disclosure.   As the Supreme Court has observed, "[t]he attorney-client privilege is the oldest of the privileges for confidential communications known to the common law.   Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice."   *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981).   It is critical to protect this relationship of trust in the governmental context, to ensure such full and frank communication between governmental attorneys and their clients, and thereby promote such broader public interests in the government's observance of law and the administration of justice.   The free and candid flow of information between agency decisionmakers and their outside legal advisers depends on the decisionmakers' confidence that the advice they receive will remain confidential.   Moreover, disclosure of legal advice may often reveal confidential communications from agency clients made for the purposes of securing advice.

6.      Finally, when asked to provide legal advice, OLC attorneys stand in a special relationship of trust with their agency clients.   Just as disclosure of client confidences shared in the course of seeking legal advice would seriously disrupt the relationship of trust so critical when attorneys formulate legal advice to their clients, disclosure of the advice itself would be equally disruptive to that trust.   Thus, the need to protect the relationship of trust between OLC and the

3

client seeking its legal advice provides an additional reason OLC legal advice often needs to stay confidential.

7.     When OLC's client is the President or his senior advisers, OLC's advice also requires confidentiality for an additional important reason: its disclosure would inhibit the President's ability to engage in effective communications and decisionmaking.   In order to discharge his duties under Article II of the Constitution, the President must be able to receive confidential advice of all kinds, including legal advice.   For this reason, confidential OLC legal advice to the President or his senior advisers is protected by the presidential communications privilege unless that privilege is waived.

## PLAINTIFF'S FOIA REQUEST

8.     While this case involves several FOIA requests from Plaintiff, Plaintiff only challenges OLC's response to one request.   Accordingly, throughout this declaration I will refer only to the request remaining at issue.

9.     On October 1, 2018, OLC received a request from Daniel Van Schooten on behalf of plaintiff Project on Government Oversight, requesting "A list of all OLC opinions from January 1, 1998 through the present."   *See* Ex. A, at 1 (FOIA Request (Oct. 1, 2018) (hereinafter, "the FOIA Request")).

10.     By letter dated October 29, 2018, OLC responded to Mr. Van Schooten, acknowledging receipt of the FOIA Request.   *See* Ex. B, at 1 (OLC Acknowledgment (Oct. 29, 2018)).

11.     By letter dated April 18, 2019, OLC responded to Mr. Van Schooten, providing 22 responsive lists with some material redacted pursuant to FOIA Exemption Five, 5 U.S.C.

§ 552(b)(5), or FOIA Exemption Six, 5 U.S.C. § 552(b)(6).  *See* Ex. C, at 1 (OLC Response (Apr. 18, 2019)).  By that letter, OLC further informed Mr. Van Schooten that the material redacted pursuant to Exemption Five is protected by the attorney-client and deliberative process privileges and that Exemption Six exempts material the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  *Id.*  OLC further informed Mr. Van Schooten that while older versions of many of those lists had been previously posted to OLC's electronic FOIA reading room, OLC had fully re-reviewed and reprocessed the lists for this request to ensure disclosure of all nonexempt material.

12.    Following an appeal to the Department's Office of Information Policy, OLC provided a supplemental, post-remand response identifying one additional list not previously identified, and provided that list, also with redactions pursuant to Exemptions Five or Six.  *See* Ex. D, at 1 (OLC Post-Remand Response) (Aug. 12, 2021).  OLC also informed Plaintiff that most of the redacted material was also marked classified, and may therefore also be subject to Exemptions One and Three, 5 U.S.C. § 552(b)(1), (b)(3).  *Id.*

13.    Following lengthy litigation in this matter on the other, now-resolved FOIA requests at issue, OLC agreed by negotiations through counsel to re-review the lists provided in the initial response in light of the passage of time since that initial response, in hopes of resolving this matter without further litigation.  OLC provided that supplemental response on April 28, 2023.  *See* Ex. E, at 1 (Supp. Response (Apr. 28, 2023)).  In that response, OLC informed Plaintiff that some material remained redacted pursuant to Exemptions Five or Six but lifted some redactions.  *Id.*  OLC further explained to Plaintiff that the lists were processed as they appear in existing OLC records, and that the lists were prepared by a staff assistant for use within OLC and

were not intended to serve as a comprehensive index of all OLC opinions on questions of law.  *Id.*
OLC also explained that some entries on the lists may not be accurate and that some entries may
not meet the description sought by Plaintiff.  *Id.*  Finally, OLC provided an explanation of the
names that appear in the entries, some of which remain redacted.  *Id.*

14.    I understand that Plaintiff has indicated that it challenges only the redactions
pursuant to Exemption Five in documents provided by OLC in its supplemental response.

## RECORDS AT ISSUE

15.    I am personally familiar with the redacted information in the lists that are at issue
in this case.

16.    The records are 22 lists created by a staff assistant for use within OLC as tables of
contents for a set of binders of documents that were referred to by OLC attorneys desiring easy
hard-copy access to the recent work of the Office.   Each list covers one calendar year for the years
1998 to 2019.   Because the search was conducted on April 8, 2019 and the records were processed
shortly thereafter, the final record contains only those entries that had been added to the 2019 list
as of that date.

17.    The lists "were prepared for internal reference by a staff assistant and were not
intended to serve as a comprehensive or accurate index of all OLC opinions on questions of law."
Ex. E, Supp. Response at 1.   They were not reviewed for accuracy by others within OLC or edited
for public consumption.   Accordingly, some titles may not be accurate, some items may not have
been listed, and some items may be listed although they may not meet the definition of "OLC
opinions" as sought in the FOIA request.   The lists were processed in the form that they were
located among OLC's records by FOIA staff conducting the search.

18.    Each list contains entries identifying documents generated by OLC during the relevant year.   With some minor exceptions, each entry identifies the recipient of the document, a title or brief description of the document, the date of the document, and one or more names of OLC attorneys.   In many instances the listed names "are not the signatories or principal authors of the documents; among these names are OLC line attorneys who may have assisted with the preparation of these documents or otherwise had some relevant information about the matter." Ex. E, Supp. Response at 1.

## APPLICABLE FOIA EXEMPTIONS

19.    Material is redacted from the relevant records pursuant to FOIA Exemptions Five and Six.   Plaintiff challenges only the 23 redactions made pursuant to Exemption Five.

### *Withholding Pursuant to Exemption Five*

20.    FOIA's Exemption Five exempts from mandatory disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency."   5 U.S.C. § 552(b)(5).   Exemption Five incorporates the traditional privileges that the government may assert in civil litigation against a private litigant and exempts from FOIA's reach documents covered by such privileges.

21.    All of the material redacted from the records and marked "(b) (5)" is protected by the deliberative process and attorney-client privileges.   In addition to these two privileges, one item is also protected by the attorney-work product doctrine and two items are also protected by the presidential communications privilege as follows:   The material redacted from the entry identified as 2010, No. 7 is protected by the attorney work product doctrine because it was prepared by attorneys for the purpose of litigation, and the portions redacted from the entries identified as

7

2010, No. 16 and 2018, No. 4 are protected by the presidential communications privilege because they reflect communications with senior presidential advisers for the purpose of presidential decisionmaking.

22. The redactions pursuant to Exemption Five cover only the name of the recipient and the title or brief description of the relevant entries. In each case, the redaction serves to protect the identity of a client and the subject matter of the advice sought and provided. The redacted titles are more than just general subjects. Rather, they identify the legal questions presented, often with specific reference to particular statutory provisions and subparts. In many instances the descriptions disclose the potential decisions under consideration by the client agency.

23. When paired with the identity of the client and the already-disclosed dates, disclosure of the information contained in the titles would reveal a particular client's confidential request for legal advice on a particular matter at a particular time. This is information protected by the attorney-client privilege. The opinions referenced by the entries were authored by OLC attorneys and provided to OLC's clients throughout the Executive Branch that sought confidential legal advice. The subject matters of the legal advice sought are confidential facts transmitted from these clients to their attorneys in OLC for the purpose of seeking legal advice. Having been asked to provide legal advice, OLC attorneys stood in a special relationship of trust with these clients. Just as disclosure of client confidences transmitted in the course of seeking legal advice would seriously disrupt the relationship of trust so critical when attorneys formulate legal advice to their clients, so too would disclosure of the subject of the legal advice itself undermine that trust. While several titles have been disclosed and the applicable privileges thereby voluntarily waived, the clients' interests in maintaining confidentiality over the remaining titles is no less strong.

8

When clients seek OLC's advice in the future, they must have confidence that OLC is able to maintain the confidentiality of the questions they pose to OLC.   If clients lack that confidence, they may cease seeking legal advice from OLC and as a result the quality of government decisionmaking will suffer.

24.    Information about a client's identity and the subject matter of legal advice sought from OLC is also protected by the deliberative process privilege. The legal advice is pre-decisional because it was prepared by OLC for the consideration of senior government decisionmakers to aid them in deciding how to proceed.   The material is deliberative because it identifies advice that was provided about questions under consideration by those decisionmakers.   In addition, disclosure would reveal the decisionmakers' deliberations by implicitly conveying that those who requested the advice believed that those questions were important or challenging enough to seek legal advice from OLC.   The redactions are narrowly tailored, allowing the date of the document to be revealed.   As with the attorney-client privilege, the protection provided by this privilege is necessary to ensure that OLC's clients can request OLC advice with confidence that their request will not be disclosed without permission.

25.    The one entry that is also redacted based on the attorney work product doctrine—2010 No. 7—records advice that OLC provided in connection with ongoing litigation.   The document was prepared by OLC for the purpose of assisting a litigating component of the Department in determining the legal positions it would take in the case.   For that reason, the subject matter of the request may be withheld pursuant to the attorney work product doctrine.

26.    Finally, two entries are also redacted based on the presidential communications privilege—2010, No. 16 and 2018, No. 4.   That privilege protects confidential communications

to the President or his senior advisers that relate to possible presidential decisionmaking. This privilege preserves the President's ability to obtain frank and informed opinions from his advisers and to make decisions in confidence. It is not limited to communications directly involving the President, but also protects confidential communications to senior presidential advisers or their staff that are made in the course of formulating advice or recommendations for the President. The privilege protects such communications to ensure that the President's advisers may fully explore options and provide appropriate advice to the President without concerns about compelled disclosure. These entries reveal advice from the Office of Legal Counsel on identified subjects that was provided to senior presidential advisers. The advice was solicited and provided for the purpose of aiding them in their areas of responsibility to advise the President on matters of presidential decisionmaking. These two entries are therefore subject to redaction based on the presidential communications privilege, in addition to the attorney-client and deliberative process privileges. Compelled disclosure of the subjects of advice provided by OLC to presidential advisers would threaten the quality of presidential decisionmaking by impairing the deliberative process in which those decisions are made.

### *Foreseeable Harm*

27.    Across 56 pages containing 589 entries covering more than 21 years, OLC has redacted information from only 23 entries—fewer than 4% of the total entries—pursuant to Exemption Five. The fact that OLC was able to disclose most of the titles and recipients does not mean that there would be no harm from disclosing the remaining 23. Rather, the targeted nature of the redactions reflects that OLC has redacted only material for which, after careful evaluation and consultation as appropriate with the relevant client agencies, it has determined that the

sensitivity of the questions presented and the importance to the client of continued confidentiality remains significant enough to merit withholding in order to protect its clients' confidences and harm to similar government decisionmaking in the future—the very interests that the privileges are intended to protect.  Compelled disclosure of information about the clients and subjects of legal advice that has not been voluntarily waived would disrupt existing attorney-client relationships within the government and deter government decisionmakers in the future from seeking written OLC legal advice, while also harming the interests protected by the attorney work product doctrine and presidential communications privilege.

28.    First, disclosure of the information protected by the attorney-client privilege would cause foreseeable harm to the interests protected by that privilege.  Disclosure of the titles and recipients of OLC's confidential legal advice has the effect of revealing a core client confidence— the fact of having sought legal advice on a particular question at a particular time.  If the confidentiality of seeking legal advice on a particular question cannot be assured, the foreseeable harm to the attorney-client relationship would be significant.  Attorneys at OLC are often asked to provide advice and analysis with respect to very difficult and unsettled questions of law.  For these matters, it is essential to the proper functioning of the Executive Branch that clients' willingness to seek OLC's legal advice on hard or controversial questions not be inhibited by concerns about the risk of public disclosure.  Protecting the confidentiality of the subjects of OLC's legal advice provided in the context of litigation or presidential (or other Executive Branch) deliberations is also essential both to ensure that creative and sometimes controversial legal arguments and theories may be examined candidly, effectively, and in writing, and to ensure that

the President, his advisers, and other Executive Branch officials continue to request and rely on frank legal advice from OLC and other government attorneys on sensitive matters.

29.    The foreseeable harm to the interests protected by the deliberative process privilege would also be significant, for many of the same reasons.   Compelled disclosure of the redacted material would undermine government decisionmakers' ability to seek and receive confidential legal advice from OLC, compromising the deliberative processes of the Executive Branch. OLC's legal advice can be a key input into deliberations throughout the Executive Branch. Decisionmakers come to OLC with some of their most challenging legal questions and their most sensitive matters.   These deliberations benefit from the careful, detailed, written advice that OLC provides.   And decisionmakers benefit from the ability to consider all options, including those that they ultimately choose not to take.   OLC has repeat clients throughout the Executive Branch, and whether it maintains the confidentiality of prior requests for advice will impact the willingness of those and other Executive Branch clients to request advice from OLC in the future.   In most cases, seeking OLC's advice is optional.   Decisionmakers fearing forced disclosure of the legal issues that were considered during their deliberations will be less likely to involve OLC or seek written advice from OLC on the most sensitive matters, causing harm to future decisionmaking.

30.    For the item also withheld pursuant to the attorney work product doctrine, there would be additional reasonably foreseeable harm to the interests protected by that doctrine.   That doctrine preserves attorneys' mental impressions, conclusions, opinions, and legal theories, and is necessary to functioning litigation.   Although OLC attorneys do not directly litigate cases, they are often called upon by litigating components of the Department to advise on aspects of legal theories or to advise on briefs in areas in which they have subject matter expertise.   Compelled

12

disclosure of OLC's input into the Department's development of litigation positions would undermine these processes, and the litigating components would be less likely to seek written views from OLC in the future.

31.     Finally, for the two items also subject to the presidential communications privilege, disclosure would cause foreseeable harm to the decisionmaking processes of the President and his senior advisers.   As with other senior decisionmakers, OLC provides advice to the President and his advisers on a variety of topics which are often sensitive.   The presidential communications privilege protects communications in their entirety, in order to give the President the necessary confidentiality to conduct those deliberations.   Compelled disclosure of the subjects of OLC advice to the President's advisers would breach that confidentiality and harm the President's ability in the future to rely on the availability of OLC legal advice in order to effectively carry out the responsibilities of the office.

### *Segregability, Adoption, and Waiver*

32.     I have personally reviewed line-by-line the redacted information at issue to determine whether any further withheld portion or portions could be released without divulging information protected by one or more of the applicable FOIA exemptions and determined that the redacted portions do not contain reasonably segregable, nonexempt information.   In addition, segregation is not required for certain entries due to the application of the presidential communications privilege or attorney work product doctrine.

33.     To my knowledge, the redacted material has not been publicly adopted or incorporated by reference by any policymaker as a basis for a policy decision.

34.      To my knowledge, the redacted material has not been previously disclosed publicly. In addition, I am not aware of any public statements by government officials that could constitute waiver of the privileges applicable to the redacted material.

* * * * * * *

35.      In conclusion, I respectfully submit that the redacted material described herein is protected by the attorney-client privilege, the deliberative process privilege, attorney work product doctrine, and the presidential communications privilege.   Accordingly, the redactions fall squarely within Exemption Five.  The compelled disclosure of this material would threaten to disrupt the attorney-client relationship between OLC and its clients throughout the Executive Branch, interfere with the government's deliberative processes, disrupt the Department's ability to carry out litigation, and disrupt the President's ability to carry out his constitutional responsibilities.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct and that Exhibits A through E attached hereto are true and correct copies.

Executed:  February 21, 2024

_____
                    TRISHA ANDERSON

# Exhibit A



10/1/2018

Melissa Golden (née Kassier)
Lead Paralegal and FOIA Specialist
Office of Legal Counsel
Room 5511, 950 Pennsylvania Avenue, N.W.
Department of Justice
Washington, DC 20530-0001
Delivered via email to: usdoj-officeoflegalcounsel@usdoj.gov

Subject: Freedom of Information Act Request

Dear Ms. Golden,

As a member of the news media, I am making this request under the Freedom Of Information
Act ("FOIA"), 5 U.S.C. § 552. Please provide the following records in a digital format:

1.  A list of all OLC opinions from January 1, 1998 through the present.

I am aware that the OLC has posted some of these records in its online reading room. However,
the records as currently posted are not fully responsive to my request. For example, numerous
entries—including the date of publication—are withheld in their entirety, citing exemption
(b)(5), and it appears as though author's names are sometimes redacted under exemption (b)(6).

For the following reasons, the Project On Government Oversight (POGO) believes that these
redactions are inappropriate and not justified by either federal law or Department of Justice
(DOJ) policies:

OLC opinions, as described by the OLC itself, "provide controlling advice to Executive Branch
officials on questions of law that are centrally important to the functioning of the Federal
Government."[1] The internal OLC guidance further indicates that:

> the Office operates from the presumption that it should make its significant
> opinions fully and promptly available to the public. This presumption furthers the
> interests of Executive Branch transparency, thereby contributing to accountability
> and effective government, and promoting public confidence in the legality of
> government action. Timely publication of OLC opinions is especially important
> where the Office concludes that a federal statutory requirement is invalid on
> constitutional grounds and where the Executive Branch acts (or declines to act) in
> reliance on such a conclusion. In such situations, Congress and the public benefit
> from understanding the Executive's reasons for non-compliance, so that Congress

---

[1] https://www.justice.gov/sites/default/files/olc/legacy/2010/08/26/olc-legal-advice-opinions.pdf; p.1.

can consider those reasons and respond appropriately, and so that the public can be assured that Executive action is based on sound legal judgment and in furtherance of the President's obligation to take care that the laws, including the Constitution, are faithfully executed. (p. 5)

POGO appreciates that the OLC appears to understand both the significance of their work as it relates to government operations as well as the importance of transparency in fostering a more effective, accountable, and trustworthy government.

POGO also acknowledges that, for various legitimate reasons, the content of certain opinions may need to be protected from immediate public disclosure. These legitimate reasons, however, do not extend to the titles of said memos. The current habit of complete redaction of most titles prevents the very accountability and public trust that the above-quoted guidance seeks to promote. The public deserves access to the titles of each opinion issued by the OLC, and the government has improperly attempted to withhold that information from the public and use secrecy to shield itself from the accountability it espouses.

The OLC has already released elsewhere at least one title that is currently withheld in the reading room list. Specifically, the OLC seems to have no problem publishing the title of the June 25, 1998 opinion to Charles F.C. Ruff, Counsel to the President, titled "*Re: Appointment of Deputy United States Trade Representative*," written by Beth Nolan, Deputy Assistant Attorney General.[2] This opinion, however, is redacted in its entirety on the list of opinions currently available in the OLC FOIA Reading Room. It is clear, therefore, that the entire list should be thoroughly reviewed for release.

**Exemption (b)(5)**

<u>Deliberative Process</u>

As mentioned in the Department of Justice's (DOJ) FOIA guidelines, the general purpose of the deliberative process privilege is to "prevent injury to the quality of agency decisions." *NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 151 (1975).[3] This is based upon three policy purposes: "(1) to encourage open, frank discussions on matters of policy between subordinates and superiors; (2) To protect against premature disclosure of proposed policies before they are actually adopted; and (3) To protect against public confusion that might result from disclosure of reasons and rationales that were not in fact ultimately the grounds for an agency's action."[4] The disclosure of the OLC opinion titles will do nothing to harm any of these three priorities.

Specifically, the courts have established two requirements for the invocation of the deliberative process privilege.[5]

---

[2] Opinion title published on page 2 of the 3/13/2017 opinion, "Appointment of United States Trade Representative," https://www.justice.gov/olc/file/1078061/download; Redaction found on page 3 of the List of OLC Opinions 1998-2013, https://www.justice.gov/sites/default/files/pages/attachments/2014/07/11/olc-ops-1998-2013-redacted.pdf
[3] https://www.justice.gov/sites/default/files/oip/legacy/2014/07/23/exemption5_1.pdf; p. 366.
[4] https://www.justice.gov/sites/default/files/oip/legacy/2014/07/23/exemption5_1.pdf; p. 366.
[5] https://www.justice.gov/sites/default/files/oip/legacy/2014/07/23/exemption5_1.pdf; p. 368.

> "First, the communication must be "predecisional, i.e., 'antecedent to the adoption of an agency policy.' Second, the communication must be deliberative, i.e., 'a direct part of the deliberative process in that it makes recommendations or expresses opinions on legal or policy matters.'" *Jordan v. DOJ*, 591 F.2d 753, 775 (D.C. Cir. 1978) (en banc); *Vaughn v. Rosen*, 523 F.2d 1136, 1143-44 (D.C. Cir. 1975).

Furthermore, as Attorney General Michael Mukasey testified before House Judiciary Committee in 2008, "the Justice Department... could not investigate or prosecute somebody for acting in reliance on a Justice Department opinion," even if the advice contained in the opinion is wrong.[6] Given that OLC opinions thereby effectively grant immunity from prosecution, it is clear that the opinions themselves are clear statements of established DOJ policy, and therefore cannot be deemed predecisional.

It is also important to note that the portions being withheld are from a list of the titles of final OLC opinions, not the opinions themselves. The titles of OLC opinions are not, by themselves, deliberative in nature, as they do not "make recommendations or express opinions on legal or policy matters." The titles are consistently of a factual nature and while they reveal the subject at hand, they do not "reveal the nature of the deliberations" or infringe upon the ability of the OLC to conduct its internal deliberations in an open and frank way. Additionally, disclosure of these titles could not result in any public confusion regarding the grounds for a decision, as no such grounds would be disclosed. Similarly, disclosure cannot be considered a "premature disclosure of a proposed policy," as the titles themselves do not generally propose policies. *Dudman Commc'ns Corp. v. Dep't of Air Force,* 815 F.2d 1565 (D.C. Cir. 1987).

The titles of previous OLC opinions that have been released reflect this, as it is impossible to determine by the title what kind of deliberation has occurred, what various parties might have recommended, and what the final policy position that OLC is adopting might be. The only thing that can be determined is the subject matter at hand—factual information that is not protected by the (b)(5) exemption. This applies regardless of whether the OLC opinion is addressed directly to the President or to any other government official.

> That the President, rather than an agency, initiated the policy development process is of no moment; what matters is whether a document will expose the pre-decisional and deliberative processes of the Executive Branch. …the deliberative process privilege does not protect purely factual material contained in privileged documents if the disclosure of such information would not reveal the nature of the deliberations. *See EPA v. Mink*, 410 U.S. at 87-88, 93 S. Ct. 827, 35 L. Ed. 2d 119 (1973). *Judicial Watch, Inc., Appellee v. Department of Energy, et al., Appellants*, 412 F.3d 125 (D.C. Cir. 2005)

Attorney-Client Privilege

Per DOJ FOIA guidelines, "although attorney-client privilege fundamentally applies to facts divulged by a client to his attorney, this privilege "also encompasses any opinions given by

---

[6] Testimony of Attorney General Michael Mukasey, before the House Judiciary Committee, on "Justice Department Oversight," February 7, 2008.

an attorney to his client based upon, and thus reflecting, those facts" (p. 405). While the contents of any withheld OLC opinion may contain "facts divulged by a client to his attorney," the title does no such thing.

Furthermore, the titles are not generally based upon, nor do they generally reflect confidential facts conveyed by any potential clients of the OLC. The titles do not encompass any advice based on confidential facts supplied by a client, and thus do not run the risk of revealing facts that a client may have revealed in confidence. *Elec. Privacy Info. Ctr. v. DHS*, 384 F. Supp. 2d 100, 114 (D.D.C. 2005); *MacLean v. DOD*, No. 04-2425, slip op. at 10 (S.D. Cal. June 6, 2005).

In the event that an OLC opinion is a binding determination, otherwise confidential records are not exempted. As determined in *Tax Analysts v. IRS*, 117 F.3d 607, 619 (D.C. Cir. 1997), "Exemption 5 and the attorney-client privilege may not be used to protect... agency law from disclosure to the public." To the extent that an OLC opinion is binding, neither the title nor the contents of the opinion can be exempted under attorney-client privilege. This principle was unanimously upheld by the Second Circuit Court of Appeals quite recently, when the OLC was forced to disclose not only the existence but also the contents of its memo regarding the targeting killing of Anwar al-Awlaki.[7] The fact that the OLC has abused the (b)(5) exemption in the recent past lends even more weight to the case for transparency and accountability.

Even in the event that the government correctly applies the attorney-client privilege, the information is not protected unless the government identifies who its client is in order to sustain a claim of this privilege. *Elec. Privacy Info. Ctr. v. DOJ*, 584 F. Supp. 2d 65, 80 (D.D.C. 2008). For every determination of attorney-client privilege, we therefore require the government to disclose the client for whom the record was created.

The government therefore does not meet the requirements necessary in order to apply Exemption (b)(5) to the requested record.

**Exemption (b)(6)**

Regarding the use of the (b)(6) exemption, these records should be released if there is a clear demonstration that the public interest in disclosure outweighs the personal privacy interest and that there would be significant public benefit from the disclosure of the requested records. POGO believes that there is significant public interest at stake in the disclosure of these records, as they pertain to the individuals who are effectively making legal decisions for the entire executive branch. Furthermore, POGO holds that the records sought do not constitute an unwarranted invasion of privacy as the records relate not only to professional and business activities, but also to individuals who hold a position of public trust recognized in the U.S. Constitution and implied loyalty to the U.S. government that inherently limits the privacy of the individual. In fact, OLC

---

[7] https://epic.org/amicus/foia/new-york-times/2d-Cir-Opinion.pdf

has previously disclosed the names of opinion authors, demonstrating that there is no inherent or categorical invasion of privacy in disclosing their identities.[8]

It also appears as though the redaction of the author's name may be inconsistently applied, given the OLC has published the full contents of certain memos—including the signature blocks—while simultaneously using (b)(6) to redact names from titles in the currently available lists.[9]

The substantive test for whether disclosure would constitute a "clearly unwarranted invasion of privacy" requires a balancing test between "the individual's right of privacy against the preservation of the basic purpose of the Freedom of Information Act 'to open agency action to the light of public scrutiny.'" *Dep't of Air Force v. Rose,* U.S. 352, 372 (1976); *accord Dep't of State v. Ray,* U.S. 164 (1991). In this exemption, "the presumption in favor of disclosure is as strong as can be found anywhere in the Act." *Arieff v. Dep't of Navy*, 712 F.2d 1462, 1467 (D.C. Cir 1983).

<u>Personal Privacy</u>

While individuals do not forfeit their privacy rights when they choose to work for the government, "their privacy interests are somewhat reduced," and they are reduced even further when the employee holds a high-level position. *Lissner v. Customs Serv.,* 241 F.3d 1220, 1223 (9th Cir. 2001); *Hardy v. Dep't of Def.,* No. CV-99-523-TUC-FRZ (D. Ariz. Aug. 27, 2001). The individuals who craft OLC opinions, which regularly determine the courses of action available to entire federal agencies, are most assuredly in high-ranking and influential positions and therefore have significantly reduced rights to privacy.

In addition, the requested records relate to professional activities, and thus do not significant impinge on personal privacy. As determined in *Cohen v. EPA*, 575 F. Supp. 425, 429 (D.D.C. 1983), "The privacy exemption does not apply to information regarding professional or business activities." The writing of OLC opinions is a clearly a professional activity, and "exemption 6 was developed to protect intimate details of personal and family life, not business judgements and relationships." *Sims v. CIA (I),* 642 F.2d 562, 575 (D.C. Cir. 1980).

Furthermore, "without more, the disclosure of a document will not constitute a clearly unwarranted invasion of personal privacy simply because it would invite a negative reaction or cause embarrassment in the sense that a position is thought by others to be wrong or inadequate." *Schell v. Health & Human Servs.,* 843 F.2d 933, 939 (6th Cir. 1988). Unless it can be demonstrated that the publication of the authors' names would cause direct and palpable harm to the authors, there is no privacy invasion at all and no need for a balancing test against the public interest. Note that exemption (b)(6) "does not apply to an invasion of privacy produced *as a secondary effect* of the release" (emphasis in original). *Arieff v. Dep't of Navy*, 712 F.2d 1462, 1467 (D.C. Cir 1983).

---

[8] See: https://www.justice.gov/olc/page/file/965126/download
[9] For example: https://www.justice.gov/olc/file/971166/download as compared to https://www.documentcloud.org/documents/4917103-OLC-2017-List.html

<u>Public Interest</u>

There is significant public interest in knowing who is crafting the legal opinions that have the potential to change the course of our nation. This is no exaggeration of the importance of OLC's work; the issuance of what are now referred to as the "torture memos" have had dramatic effects in American foreign policy as well as national security. According to *Int'l Bd. of Elec. Workers, Local No. 41 v. Dep't of Hous. & Urban dev.,* 763 F.2d 435, 436 (D.C. Cir. 1985), "The purpose of FOIA is to permit the public to decide for itself whether government action is proper...." It is easy to conceive of a situation where those who are shaping the direction of the nation are either not properly qualified to do so or are subject to conflicts of interest that might cause others to discount their professional judgement. The public takes great interest in the individuals who shape public laws, and it stands to reason that the public has a great interest as well in the individuals who shape what is commonly referred to as "secret law," especially given the lack of alternative oversight mechanisms. The disclosure of the names of OLC opinion authors can also give additional credibility and weight to their opinions, should they be properly qualified, reassuring the public that their trust is not being misplaced.

The balancing test applied to Exemption (b)(6) is therefore sufficient justification to release the requested records without redactions under (b)(6).

I request a waiver of all costs associated with fulfilling this submission pursuant to 5 U.S.C. § 5 552(a)(4)(A)(iii).  Disclosure of the requested records will further the "public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest" of the requester, the Project On Government Oversight (POGO). Specifically, POGO intends to use the requested records to educate the public about the subject matter that the OLC addresses. If the request for a fee waiver is denied, please contact me about any incurred expenses prior to supplying the requested records.

If this request is denied in full or in part, please cite each exemptions pursuant to 5 U.S.C. § 552(b) that justifies each denial. Please bear in mind that the foreseeable harm standard must be met before an exemption applies. If an exemption applies, however, please consider exercising the agency's discretionary release powers to disclose the records. Any such action supports the presumption of "openness" on which FOIA is based upon. Additionally, please release all reasonably segregable portions of the records that do not meet an exemption. 5 U.S.C. § 552(b).

I look forward to your response, including an individualized tracking number, within 20 days of the receipt of this request, unless, in the case of "unusual circumstances," the time limitation is "extended by written notice." 5 U.S.C. § 552(a)(6)(B). I am aware that all fees will be waived if specified time limits are not met. 5 U.S.C. § 552(a)(4)(A)(viii). I have a right to appeal if this request is wholly or partially denied or if the agency fails to respond within 20 days, and that, if successful, a federal district court may assess "reasonable attorney fees and other litigation costs." 5 U.S.C. § 552(a)(4)(E).

Please feel free to contact me if this request requires further clarification. I can be reached at (202) 347-1122 or via email at dvanschooten@pogo.org. Thank you for your prompt attention to this matter.


Sincerely,

Daniel Van Schooten
Investigator
Project On Government Oversight

# Exhibit B



**U.S. Department of Justice**

Office of Legal Counsel

*Washington, D.C. 20530*

October 29, 2018

Daniel Van Schooten
Investigator
Project On Government Oversight
dvanschooten@pogo.org

     Re:    **FOIA Tracking No. FY19-001**

Dear Mr. Van Schooten:

This letter acknowledges receipt of your October 1, 2018 Freedom of Information Act ("FOIA") request to the Office of Legal Counsel ("OLC"), in which you sought "[a] list of all OLC opinions from January 1, 1998 through the present." We received your request on October 1, 2018, and it has been assigned tracking number **FY19-001**. Based on our preliminary review of your request, and pursuant to 28 C.F.R. § 16.5(b), your request has been tentatively assigned to the "simple" processing track.

Because of the considerable number of FOIA requests received by OLC prior to your request, our staff has not yet been able to process your request. Accordingly, we will be unable to comply with the statutory deadline for responding to your request. I regret the necessity of this delay, but I assure you that your request will be processed as soon as possible.

We have not yet made a decision on your request for a fee waiver. We will do so after we determine whether fees will be assessed for this request.

In the meantime, if you have any questions or wish to discuss your request, you may contact Melissa Golden, OLC's FOIA Public Liaison, at usdoj-officeoflegalcounsel@usdoj.gov, (202) 514-2053, or at Office of Legal Counsel, United States Department of Justice, 950 Pennsylvania Ave., N.W., Room 5511, Washington, DC 20530.

Sincerely,

Paul P. Colborn
Special Counsel

# Exhibit C



**U.S. Department of Justice**

Office of Legal Counsel

*Washington, D.C. 20530*

April 18, 2019

Daniel Van Schooten
Investigator
Project On Government Oversight
dvanschooten@pogo.org

      **Re:    FOIA Tracking No. FY19-001**

Dear Mr. Van Schooten:

      This letter responds to your October 1, 2018 Freedom of Information Act ("FOIA") request to the Office of Legal Counsel ("OLC") on behalf of the Project On Government Oversight, in which you sought "[a] list of all OLC opinions from January 1, 1998 through the present." Your request was assigned tracking number FY19-001, and pursuant to 28 C.F.R. § 16.5(b), your request was processed in the simple track.

      A search of OLC's files has identified 22 responsive records. All 22 records are enclosed with some material redacted as exempt from disclosure pursuant to FOIA Exemption Five, 5 U.S.C. § 552(b)(5), or pursuant to FOIA Exemption Six, 5 U.S.C. § 552(b)(6). The material redacted pursuant to Exemption Five is protected by the attorney-client and deliberative process privileges. Exemption Six exempts material the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Although, as noted in your request, older versions of many of these records were previously processed for release and are available on the OLC FOIA Reading Room, we have fully re-reviewed and reprocessed the records for this request to ensure disclosure of all nonexempt material. We have determined that none of the withheld material is appropriate for discretionary release.

      For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. *See* 5 U.S.C. § 552(c). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

      For any further assistance and to discuss any aspect of your request, you may contact Melissa Golden, OLC's FOIA Public Liaison, at usdoj-officeoflegalcounsel@usdoj.gov, (202) 514-2053, or at Office of Legal Counsel, United States Department of Justice, 950 Pennsylvania Ave., N.W., Room 5511, Washington, DC 20530.

      Additionally, you may contact the Office of Government Information Services ("OGIS") at the National Archives and Records Administration to inquire about the FOIA mediation

services they offer.  The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

You have the right to an administrative appeal.  You may administratively appeal by writing to the Director, Office of Information Policy ("OIP"), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, DC 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site: https://foiaonline.regulations.gov/foia/action/public/home.  Your appeal must be postmarked or electronically transmitted within 90 days of the date of my response to your request.  If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

Paul P. Colborn
Special Counsel

Enclosures

2

# Exhibit D



**U.S. Department of Justice**

Office of Legal Counsel

*Washington, D.C. 20530*

August 12, 2021

Daniel Van Schooten
Investigator
Project On Government Oversight
dvanschooten@pogo.org

**Re:     FOIA Tracking No. FY19-001; POGO vs. DOJ, D.D.C. No. 20-cv-1415**

Dear Mr. Van Schooten:

This letter responds to your October 1, 2018 Freedom of Information Act ("FOIA") request to the Office of Legal Counsel ("OLC") on behalf of the Project On Government Oversight, in which you sought "[a] list of all OLC opinions from January 1, 1998 through the present." As you know, this request was assigned tracking number FY19-001, and was remanded to OLC by the Office of Information Policy ("OIP") following your appeal of OLC's response to the request. As you also know, the request is a subject of the above-captioned litigation.

A search of OLC's files has identified one additional responsive record not previously identified in the prior response. That record is enclosed with some material redacted. Pursuant to a prior agreement with you, we have redacted entries outside the date range with the language "redacted per agreement (pre-1998)." We have redacted other material as exempt from disclosure pursuant to FOIA Exemption Five or Six, 5 U.S.C. § 552(b)(5), (b)(6). The material redacted pursuant to Exemption Five is protected by the attorney-client, deliberative process, and/or presidential communications privileges. Disclosure of the material protected by Exemption Six would constitute a clearly unwarranted invasion of personal privacy. Most of the redacted material is marked as classified, and may also be subject to FOIA Exemptions One and Three, 5 U.S.C. § 552(b)(1), (b)(3), for that reason. We have determined that none of the withheld material is appropriate for discretionary release.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. *See* 5 U.S.C. § 552(c). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

Your counsel may contact Assistant U.S. Attorney Kathleene Molen, at 202-803-1572 or at Kathleene.Molen@usdoj.gov, to discuss any aspect of your request. Additionally, you may contact the Office of Government Information Services ("OGIS") at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact

information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Although your request is the subject of ongoing litigation, and administrative appeals are not ordinarily acted upon in such situations, I am required by statute and regulation to inform you of your right to file an administrative appeal. You may administratively appeal by writing to the Director, Office of Information Policy ("OIP"), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, DC 20530-0001, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within 90 days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

*for* Paul P. Colborn
Special Counsel

Enclosure

cc:    Kathleene Molen, Assistant U.S. Attorney
       U.S. Attorney's Office for the District of Columbia

       Ross A. Nabatoff
       Law Office of Ross A. Nabatoff

# Exhibit E



**U.S. Department of Justice**

Office of Legal Counsel

*Washington, D.C. 20530*

April 28, 2023

Daniel Van Schooten
Investigator
Project On Government Oversight
dvanschooten@pogo.org

Re:    FOIA Tracking No. FY19-001;
       POGO vs. DOJ, Civil Action No. 20-1415 (ABJ) (D.D.C.)

Dear Mr. Van Schooten:

This letter serves as a supplemental response to your October 1, 2018 Freedom of Information Act ("FOIA") request to the Office of Legal Counsel ("OLC") on behalf of the Project On Government Oversight, in which you sought "[a] list of all OLC opinions from January 1, 1998 through the present." As you know, the request is a subject of the above-captioned litigation and this supplemental response was agreed to through negotiations by counsel.

Enclosed are 22 responsive records previously provided to you on April 18, 2019. The material has been reprocessed in light of the passage of time. Some material in the documents has been redacted as exempt from disclosure pursuant to FOIA Exemption Five or Six, 5 U.S.C. § 552(b)(5), (b)(6). The material redacted pursuant to Exemption Five is protected by the attorney-client, deliberative process, and/or presidential communications privileges. Disclosure of the material protected by Exemption Six would constitute a clearly unwarranted invasion of personal privacy.

Based on the requirements of FOIA, these documents were processed in the form they appear in existing OLC records. The records were prepared for internal reference by a staff assistant and were not intended to serve as a comprehensive or accurate index of all OLC opinions on questions of law. *See* 28 U.S.C. §§ 511–512. These lists contain titles of materials that may not be accurate, and in some instances it may not be possible from the fragmentary information in these documents to identify the precise OLC documents to which they refer. These lists also include materials that are not OLC opinions, but instead are other types of OLC work product, such as comments on regulations or litigation matters. Finally, in many instances the names in parentheses are not the signatories or principal authors of the documents; among these names are OLC line attorneys who may have assisted with the preparation of these documents or otherwise had some relevant information about the matter.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. *See* 5 U.S.C. § 552(c). This

response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

Please be advised that we have considered the foreseeable harm standard when reviewing records and applying FOIA exemptions.

Your counsel may contact Assistant U.S. Attorney Stephanie Johnson, at 202-252-2874 or at Stephanie.Johnson5@usdoj.gov, to discuss any aspect of your request. Additionally, you may contact the Office of Government Information Services ("OGIS") at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Although your request is the subject of ongoing litigation, and administrative appeals are not ordinarily acted upon in such situations, I am required by statute and regulation to inform you of your right to file an administrative appeal. You may administratively appeal by writing to the Director, Office of Information Policy ("OIP"), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, DC 20530-0001, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within 90 days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

*Jared Kaprove*

*for* Paul P. Colborn
Special Counsel

Enclosures

cc:    Stephanie R. Johnson, Assistant U.S. Attorney
       U.S. Attorney's Office for the District of Columbia

       Ross A. Nabatoff
       Law Office of Ross A. Nabatoff

FOIA processing note (April 28, 2023):  Based on the requirements of FOIA, these documents were processed in the form they appear in existing OLC records.  The records were prepared for internal reference by a staff assistant and were not intended to serve as a comprehensive or accurate index of all OLC opinions on questions of law.  *See* 28 U.S.C. §§ 511–512. These lists contain titles of materials that may not be accurate, and in some instances it may not be possible from the fragmentary information in these documents to identify the precise OLC documents to which they refer.  These lists also include materials that are not OLC opinions, but instead are other types of less formal OLC work product, such as comments on regulations or litigation matters.  Finally, in many instances the names in parentheses are not the signatories or principal authors of the documents; among these names are OLC line attorneys who may have assisted with the preparation of these documents or otherwise had some relevant information about the matter.

## 1998 LIST OF OPINIONS
January 1998 through December 1998

1. <u>Attorney General:</u> Memorandum regarding Definibility of § 4734 of Balanced Budget Act of 1997 (Jan. 27, 1998)

2. <u>Counsel to the President:</u> Memorandum regarding Proposed nomination of Arthur Schecter an Ambassador to the Bahamas. (issued 1/28/98) (Patricia Small)

3. <u>Associate Attorney General:</u> Memorandum regarding Statute of Limitations and settlement of ECOA discrimination Claims against the Department of Agriculture. (issued 1/29/98) (Karen Stevens)

4. <u>Counsel to the President:</u> Memorandum regarding Application of 5 USC § 5503(a) to Board of Director of the Civil Litigation Public Education Fund (Patricia Small) (issued 2/2/98)

5. <u>Attorney General:</u> Memorandum regarding Secret Service Protective Function Privilege. (issued 2/12/98) (Paul Colborn)

6. <u>Attorney General:</u> Note regarding Protective Function Privilege. (DEJ) (issued 2/13/98)

7. <u>Counsel to the Attorney General:</u> Memorandum regarding Universal Tobacco Settlement. (issued 3/12/98) (David Barron)

8. GSA <u>General Counsel:</u> Memorandum regarding Applicability of 18 USC § 431 to Limited Partnership interests in Government Leases Under proposed Modified Transaction. (issued 3/13/98) (Paul Oetken)

9. <u>National Security Counsel:</u> Letter regarding Senate resolution on **NATO** expersion. (issued 3/17/98) (Robert Delahunty)

10. <u>Committee on Governmental Affairs:</u> Testimony of Dan Koffsky concerning Vacancies Act. (issued 3/18/98)

11. <u>Assistant Attorney General for Administration:</u> Interpretation of phrase "Recommendation that funds be put to better use" in Inspector General Act. (issued 3/20/98) (Ursula Werner)

12. <u>Attorney General:</u> Disclosure of names of Departmental Employees. (issued 4/6/98)

13. <u>Attorney General:</u> Departing Officials' Retention of Privileged Documents. (issued 4/7/98)

14. <u>Counsel to the Attorney General:</u> Assassination records Review Board and Comm'n on the Advancement of Federal Law Enforcement. (issued 4/8/98) (Eric Greenberg)

15. <u>U.S. Attorney for Central District of California:</u> Application of the Double Jeopardy Clause to Disgorgement Orders under the Federal Trade Commission Act. (issued 4/9/98)

16. <u>Office of Policy Development:</u> Proposed Victims' Rights Amendments. (issued 4/13/98) (Patricia Small)

17. <u>Under Secretary of State for Management:</u> Application of due process procedures to access to secret information. (issued 4/15/98)

18. <u>White House Deputy Special Counsel:</u> Proposed Victims, Rights Amendment. (issued 4/17/98) (Patricia Small)

19. <u>Criminal Division:</u> Proposed Revisions to Rule 12.2. (issued 4/20/98)

20. <u>Principal Associate Deputy Attorney General:</u> Possible Bases of jurisdiction for the Department of Justice to Investigate Matters relating to the Assassination of Martin Luther King, Jr. (issued 4/20/98) (Eric Greenberg)

21. <u>Civil Division:</u> Coverage Issues under the Indian Self Determination Act. (issued 4/20/98)

22. <u>Counsel to the President:</u> Legality of Background Checks Before Hiring Noncareer SES Personnel. (issued 4/30/98)

23. <u>Solicitor General:</u> Concerning Office of the President **v.** Office of Independent Counsel

24. <u>Testimony to House of Representatives:</u> Concerning Whistle Blower protection for classified disclosure. (issued 5/20/98)

25. <u>Solicitor General:</u> Secret Service protective function privileges (issued **5/26/98**) (Paul Colborn)

26. <u>F.B.I.:</u> Effect of Posse Comitatus Act on proposal to Detail Department of Defense Civilian Employee to the National Infrastructure Protection Center. (issued 5/26/98) (Eric Greenberg)

27. <u>Associate Counsel to the President:</u> S.1645, Child Custody Protection Act of 1998. (issued 5/27/98)

28. <u>Counsel to the President:</u> Appointment of Vice Chair of Federal Reserve Board to Serve Concurrently as Chair of D.C. Financial Responsibility and Management Authority. (issued 6/l/98) (Eric Greenberg)

29.    Deputy Director, FBI: Letter providing legal opinion concerning circumstances under which non-governmental entities performing criminal justice functions under contract with government agencies may be granted access to criminal history records information. (issued 6/12/98) (George Smith)

30.    Associate AG: Waiver of Statutes of Limitations in Connection with Claims against the Department of Agriculture.  (Issued 6/18/98) (Greenberg/Peterson)

31.    Deputy AG: Encryption Strategy: Constitutional Issues Raised by Nondisclosure of Tools for Law Enforcement recovery of Plaintext or Decryption Keys.  (Issued 6/25/98) (Small/Peterson)

32.    WH Counsel: Appointment of Deputy United States Trade Representative. (Issued 6/25/98) (Koffsky/Nolan)

33.    Solicitor General: Secret Service Protective Function Privilege.  (issued 7/9/98) (Colborn/Peterson)

34.    Deputy General Counsel, Treasury: Appropriate Source for Payment of Judgments and Settlements in United States v. Winstar Corp., 518 U.S. 839 (1996), and Similar Cases (issued 7/22/98) (Krass/Moss)

35.    Associate White House Counsel: Constitutional Concerns Raised by the Collections of Information Antipiracy Act, H.R.2652. (Issued 7/28/98) (Barron)

36.    Deputy Attorney General: Encryption Strategy: Constitutional Issues Raised by Nondisclosure of Tools for Law Enforcement Recovery (part II) (issued 7/28/98) (Small/Peterson/Moss)

37.    Environment Division: Administrative Settlement of Royalty Determinations. (issued 7/28/98) (George Smith/Peterson)

38.    Counsel to the President: Whether a Public Member of the Board of Directors of the New Jersey Transit Corp. is eligible for appointment to the Amtrak Board of Directors. (Issued 7/30/98) (Smith/Nolan)

39.    GSA General Counsel:   18 U.S.C. § 208 and Service on the District of Columbia Downtown Business Improvement District Corporation Board of Directors (issued 8/7/98) (Stevens)

40.    INS General Counsel: Section 404 of the Personal Responsibility and Work Opportunity Reconciliation Act (issued 8/18/98) (Delahunty/Peterson/Moss)

41.    Deputy Attorney General: Matter of L(b) (6)-R(b) (6), Interim Decision 3267 (BIA 1996) (issued on 8/20/98) (Barron)

42. <u>Deputy Attorney General</u>: Matter of Marroquin, No. A ███(b) (6)███ BIA Feb. 21, 1997) (issued on 8/20/98) (Barron)

43. <u>General Counsel, Office of Government Ethics</u>: Application of 18 U.S.C. § 208 to Service on Boards of Standard-Setting Organizations (issued 8/24/98) (Nolan)

44. <u>Deputy Attorney General</u>: Authority of the Council for the District of Columbia to Amend the Schedule of Heights Under Section 602(a)(6) of the Home Rule Act (issued 8/28/98) (Oetken)

45. General Counsel, CIA: Legal Authority to Withhold Information from Congress. (Issued 9/9/98) (Colborn)

46. <u>Deputy Legal Adviser</u>: Whether 18 U.S.C. 208 bars employees of the State Department from serving in their official capacities on the boards of American sponsored schools overseas (issued 9/11/98) (Koffsky/Nolan)

47. <u>Acting Legal Adviser, Dept. of State</u>: Inmarsat (issued 9/17/98) (Delahunty/ Koffsky/Nolan)

48. <u>Criminal Division</u>: Proposed Revisions to Fed. R. C rim. P. 12.2 (issued 9/21/98) (Small/Peterson)

49. <u>Office of Management and Budget</u>: Authority of the Bureau of the Census to Adjust Population Data for Purposes other than Apportionment (issued 10/7/98) (Delahunty/Peterson)

50. <u>Attorney General</u>: Climate Change Documents (issued 10/7/98) (Colborn)

51. <u>NASA General Counsel</u>: Authority of NASA to implement an international space agreement as domestic law (issued 10/29) (Delahunty/Treanor)

52. <u>Principal Associate Deputy Attorney General</u>: Hypothetical International Agreement Regarding Wiretaps (issued 11/2/98) (Delahunty/Treanor)

53. <u>General Counsel, Exim Bank</u>: Section 2(b)(2) of the Export/Import Bank Act of 1945 (issued 11/6/98) (Krass/Delahunty/Treanor)

54. <u>Agency General Counsels</u>: Initial Guidance on the Federal Vacancies Reform Act of 1998 (issued 11/13/98) (Singdahlsen/Koffsky/Nolan)

55. <u>Solicitor General</u>: Barr Amendment (issued 11/13/98) (Barron/Moss)

56. <u>AAG, Civil Division</u>: Blood Products Litigation Settlement (issued 12/3/98) (Halberstam/ Peterson)

57.    <u>General Counsel, HHS</u>: Proposed Settlement of <u>Diamond v. Dept. of HHS</u> (issued 12/4/98) (Stevens/Moss)

1999 LIST OF OPINIONS
January 1999 through December 1999

1.  Assistant Attorney General for OPD: Memorandum re Bureau of Prisons Policy re Provision of Organ Transplants to Inmates (issued 1/5/99) (Oetken/Moss)

2.  General Counsel for USPS: Memorandum re Collection of Fee for Stamped Cards (issued 1/7/99 (issued 5/7/99) (Barron/Nolan)

3.  General Counsel for FBI: Memorandum re Application of 18 U.S.C. § 205 to Employees Serving on an Intergovernmental Personnel Act Assignment (issued on 1/11/99) (Greenberg, Nolan)

4.  Acting Director for Victims of Crime: Memorandum re Effect of 42 U.S.C. § 10607 on Proposed Revisions to the Attorney General's Guidelines for Victim and Witness Assistance (issued on 1/15/99) (Orenstein/Treanor)

5.  Acting General Counsel for GSA: Memorandum re Applicability of 18 U.S.C. 208 to National Gambling Impact Study Commission (issued on 1/26/99) (Delahunty/Nolan)

6.  Legal Adviser, Department of State: Memorandum re Immarsat Restructuring (issued 2/1/99) (Delahunty/Koffsky)

7.  Director, Departmental Ethics Office: Memorandum re Attorney's Fees (issued 2/11/99) (Barron/Nolan)

8.  Special Counsel, Department of Treasury: Letter re Review of CID Grand jury Procedures (issued 2/12/99) (Orenstein/Moss)

9.  Dept. of Veterans Affairs: Memorandum re Gulf War Veterans Health Statutes (issued 3/12/99) (Smith/Treanor) (approved for issuance)

10. Committee on Governmental Affairs: Testimony on Vacancies Act (3/18/99) (Dan Koffsky)

11. General Counsels: Memorandum re General Guidance on the Federal Vacancies Reform Act (issued 3/22/99) (Singdahlsen/Koffsky/Nolan) (approved for issuance)

12. Solicitor General's Office: Memorandum on Helms v. Picard, (issued 3/23/99) (Lederman/Pillard/Moss) (not 100% approved for issuance)

13. Office of Federal Housing Enterprise Oversight: Memorandum re Applicability of Trade Secrets Act to Intragovernmental Exchange of Regulatory Information (issued 4/5/99) (Smith/Treanor) (approved for issuance)

14.    <u>Committee on the Judiciary</u>: Testimony on A Proposed Flag Desecration Constitutional Amendment (issued 4/20/99) (Moss)

15.    <u>Department of Commerce</u>: Memorandum re Whether Government Reproduction of Copyrighted Materials Invariably is a "Fair Use" under Section 107 of the Copyright Act of 1976 (issued 4/30/99) (Lederman/Moss) (approved for issuance)

16.    <u>Attorney General</u>: Memorandum re Coast Guard Program for Helicopter Interdiction of Go-Fast Boats (issued 5/4/99) (not 100% approved for issuance)

17.    <u>U.S. Marshals Service</u>: Memorandum re USMS Obligation to Avoid Anticipated Violation of the Antideficiency Act Before Seeking to Invoke Various Statutory Exceptions (issued 5/11/99) (Lenhardt/Peterson)

18.    <u>Department of Commerce:</u> Memorandum re The Effect of 8 USC 1373(a) on the Requirement Set Forth in 13 USC 9(a) that Census Officials Keep Covered Census Information Confidential (issued 5/18/99) (Barron/Moss)

19.    <u>US Architectural and Transportation Barriers Board</u>: Memorandum re Accessibility Guidelines and Federal Lease Renewals (issued 5/26/99) (Smith/Nolan/Koffsky) (approved for issuance)

20.    <u>Executive Clerk</u>: Memorandum re Term of a Member of the Mississippi River Commission (issued 5/27/99) (Koffsky/Nolan) (approved for issuance)

21.    <u>Associate Attorney General</u>: Constitutional and Statutory Restrictions on the Authority of the United States to Enter Settlements Limiting the Future Exercise of Executive Branch Discretion (issued 6/15/99) (Moss) (approved for issuance)

22.    <u>Counsel for Intelligence Policy</u>: Proposed Amendment to Nondisclosure Agreements for Employees with Access to Compartmented Information (issued 6/28/99) (Freitas/Treanor/Peterson) (approved for issuance)

23.    <u>General Counsel for Treasury</u>: Applicability of the Exemption Provisions of 18 U.S.C. 207(j)(2) to the Employment of a Former Federal Official by the American Association of State Highway and Transportation Officials (issued 7/2/99) (Lenhardt/Nolan)

24.    <u>Senate Committee on Governmental Affairs</u>: Testimony of Randolph Moss concerning S.1214, the Federalism Accountability Act of 1999 (issued 7/14/99) (Moss/Kehne)

25.    <u>General Counsel for OMB</u>: Reporting Obligation under the Federal Vacancies Reform Act for PAS Officers Serving Under Statutory Holdover Provisions (issued 7/30/99) (Singdahlsen/Nolan) (approved for issuance)

26.    <u>Director for Federal Bureau of Prisons</u>: Youth Rehabilitation Act (issued 8/24/99) (Delahunty/Nolan/Koffsky)

27.    <u>Director, Office of Attorney Personnel Management (DOJ)</u>: Eligibility of a Dual United States Citizen for a Paid Position Within the Department of Justice (issued 8/26/99) (Nidiry/Koffsky/Treanor)

28.    <u>General Counsel, Treasury and Dept. of Defense</u>: Internal Revenue Service Request for Documents in Defense Department Possession (issued 9/1/99) (Colborn/Treanor/Koffsky) (approved for issuance)

29.    <u>Deputy General Counsel, Treasury</u>: Restrictions on Travel by VOA Correspondents (issued 9/10/99)

30.    <u>General Counsel, Federal Retirement Thrift Investment Board</u>: MSPB Reconsideration Non-Precedential Decisions (issued 9/13/99) (Smith/Koffsky/Moss) (approved for issuance)

31.    <u>Deputy General Counsel, Treasury</u>: Applicability of 18 U.S.C. 219 to Representative Members of Federal Advisory Committees (issued 9/15/99) (Klein/Koffsky/Nolan) (approved for issuance)

32.    <u>General Counsel, Dept. of Veterans Affairs</u>: Applicability of EEOC's Proposed Final Rule to the Department of Veterans Affairs (issued 9/28/99) (Pillard)

33.    <u>Director, Informaton Security Oversight Office</u>: ISCAP Jurisdiction Over Classification Decisions by the Director of Central Intelligence Regarding Intelligence Sources and Methods (issued 10/5/99) (Freitas)

34.    <u>Acting Assistant Attorney General/Civil Rights Div.</u>: Proposed Change in EEOC Regulations Concerning Right-to-Sue Notices for Public Sector Employees (issued 10/7/99) (Simon)

35.    <u>Assistant Attorney General/ENRD</u>: Tribal Restrictions of Sharing of Indigenous Knowledge on Uses of Biological Resources (issued on 10/12/99) (Bellia)

36.    <u>Counsel to President/President's Counsel on YR 2000</u>: Department of Justice Authority to Assist in Repairing Systems that Have Failed as a Result of the Y2K Problem (issued 10/24/99)

37.    <u>General Counsel of Dept. of Commerce:</u> Participation by Processor-Owned Catcher Vessels in Inshore Cooperatives Under the American Fisheries Act of 1998 (issued 12/10/99) (R. Werner)

2000 LIST OF OPINIONS
January 2000 through December 2000

1.   Director, Departmental Ethics Office DOJ: Memorandum re Applicability of 18 U.S.C. §
     205(a)(2) to Representation Before Non-Federal Agencies (Nidiry/Koffsky/Pillard)
     (issued 1/3/2/00) (approved for issuance)

2.   Advisory Board for Cuba Broadcasting: Memorandum re Authority of the Advisory Board
     for Cuba Broadcasting to Act in the Absence of a Presidentially Designated Chairperson
     (Singdahlsen/Koffsky/Pillard) (issued 1/4/00) (approved for issuance)

3.   Counsel for the President: Memorandum re Legal Effectiveness of a Presidential Directive,
     as Compared to an Executive Officer (Singdahlsen/Hart/Moss) (issued 1/29/00) (approved
     for issuance)

4.   Deputy Associate Attorney General: Memorandum re Proposals for Uniform Case
     Management Procedures for Asbestos Litigation in State Courts (Bierschbach/Pillard)
     (issued 2/2/00)

5.   Solicitor General: Memorandum re Continuing Validity of the 1986 OLC Opinion and
     Comments on Draft Natsios Brief (Singdahlsen) (issued on 2/4/00)

6.   Deputy Attorney General: Memorandum re Starting Date for Calculating the 120-day
     Term of an Interim United States Attorney Appointed by the Attorney General Under 28
     U.S.C. § 546 (Singdahlsen/Koffsky/Moss) (issued on 3/10/00) (approved for issuance)

7.   General Counsel for INS: Memorandum re Enforcement of INA Employer Sanctions
     Provisions Against Federal Government Entities (Werner/Pillard/Moss) (issued on
     3/15/00) (approved for issuance)

8.   General Counsel for Dept. of Treasury: Memorandum re Application of 19 U.S.C. § 1307
     to Goods Produced in the Commonwealth of the Northern Mariana Islands
     (Simon/Koffsky) (issued on 3/16/00) (approved for issuance)

9.   Deputy Attorney General: Date of Appointment for Purposes of Calculating the 120-Day
     Term of an Interim United States Attorney Appointed by the Attorney General under 28
     U.S.C. § 546 (Singdahlsen/Koffsky/Moss) (issued on 3/16/00) (approved for issuance)

10.  General Counsel United States Marshals Service: Memorandum re Special Deputation of
     Inspector General Personnel to Protect Agency Heads (Lee/Koffsky) (issued 3/23/00)

11.  Assistant Attorney General ENRD: Memorandum re Authority of the Air Force in
     Conveying Property at the Former Homestead Air Force Base to Dade County, Florida, to
     Seek Restrictions on Future Uses of the Transferred Property and of Surrounding Lands
     (Kehne/Koffksy/Pillard) (issued on 3/30/00) (approved for issuance)

12.    <u>General Counsel for U.S. Marshals Service</u>: Memorandum re Continuation of Federal Prisoner Detention Efforts in the Face of a USMS Appropriation Deficiency (Lenhardt/Moss) (issued on 4/5/00)

13.    <u>General Counsel Dept. of Treasury</u>: Memorandum re Applicability of the Federal Vacancies Reform Act to the United States Executive Director and Alternate Executive Director at the International Monetary Fund and the World Bank (Singdahlsen/Koffsky/Pillard) (issued on 4/11/00) (**revised on 5/11/00**)

14.    <u>General Counsel Dept. of Treasury</u>: Memorandum re Applicability of the Federal Vacancies Reform Act to the United States Executive Director and Alternate Executive Director at the International Monetary Fund and the World Bank (Singdahlsen/Koffsky/Pillard) (issued on 5/11/00)

15.    <u>Director, Office of Tribal Justice</u>: Memorandum re Preliminary Comments on Proposed Legislation to Establish a Native Hawaiian Development Council (Simon) (issued on 5/11/00)

16.    <u>Deputy General Counsel, DOD</u>: Memorandum re Authority for Military Police to Issue Traffic Citations to Civilians on Bolling Air Force Base (Nidiry) (issued on 6/5/00)

17.    <u>General Counsel Dept. of Defense</u>: Memorandum re EPA Assessment Against Federal Agencies for Violation of the Underground Storage Tank Requirements of the Resource Conservation and Recovery Act (Colborn/Treanor/Moss) (issued on 6/14/00) (approved for issuance)

18.    <u>General Counsel Chemical Safety and Hazard Board</u>: Memorandum re Division of Powers and Responsibilities Between the Chairperson of the Chemical Safety and Hazard Investigation Board (Bierschbach/Koffsky/Moss) (issued on 6/26/00) (approved for issuance)

19.    <u>General Counsel for Dept. of Energy</u>: Memorandum re Applicability of the Post-Employment Restrictions of 18 U.S.C. § 207(c) to Assignees Under the Intergovernmental Personnel Act (Koffsky) (issued on 6/26/00) (approved for issuance)

20.    <u>General Counsel, Court Services for District of Columbia</u>: Memorandum re Delegation of Authorities to Permit the Interim Operation of the Court Services and Offender Supervision Agency (Singdahlsen/Werner/Koffsky/Moss) (issued on 7/31/00)

21.    <u>General Counsel, White House</u>: Memorandum re Rice v. Cayetano (Simon/Jackson) (issued on 8/11/00)

22.    <u>Attorney General</u>: Memorandum re Order of Succession for Signing Applications Under FISA (Koffsky) (issued on 8/14/00)

23.    <u>Director, Office of Government Ethics</u>: Memorandum re Application of 18 U.S.C. Section 209 to Employee-Inventors Who Receive Outside Royalty Payments (Koffsky/Moss) (issued on 8/14/00)

24.    <u>Attorney General</u>: Memorandum re Whether a Former President May Be Indicted and Tried for the Same Offenses for Which He Was Impeached by the House and Acquitted by the Senate (issued on 8/18/00)

25.    <u>AAG, Criminal Division</u>: Memorandum re Constitutionality of 18 U.S.C.A Section 1120 (Camiker/Smith) (issued on 8/31/00)

26.    <u>Associate Counsel to President</u>: Memorandum re Displacement of Recess Appointees in Tenure-Protected Positions (Singdahlsen/Koffsky/Moss) (issued on 9/1/00)

27.    <u>Acting Director, Office of Government Ethics</u>: Memorandum re Application of 18 U.S.C. Section 209 to Employee-Inventors Who Receive Outside Royalty Payments ) (Freitas/Koffsky) (issued on 9/7/00)

28.    <u>Testimony</u>: Testimony of William Treanor re the Application of the Privacy Act to the White House (Colborn/Treanor) (issued on 9/8/00)

29.    <u>Interior/NOAA/Council on ENRD Quality</u>: Memorandum re Coral Reef Resources in the Northwest Hawaiian Islands (Wexler/Treanor/Koffsky) (issued on 9/15/00)

30.    <u>NASA/OMB</u>: Memorandum re Applicability of Government Corporation Control Act to Gain Sharing Benefit Agreement (Freitas/Koffsky/Guerra) (issued on 9/18/00) (approved for issuance)

31.    <u>Hastert, House</u>: Memorandum re the Enforceability of 18 U.S.C. 1302-Information Concerning Lawful Gambling Operations-AG Opinion (Smith/Treanor/Moss) (issued on 9/25/00) (approved for issuance)

32.    <u>Testimony</u>: Testimony of William Treanor re H.R. 4751, Entry of the Commonwealth of Puerto Rico into Permanent Union with the U.S. (Treanor/Moss)

33.    <u>Acting Director, Office of Government Ethics</u>: Letter re Interpretation of 18 U.S.C. 209 (Koffsky) ( issued on 10/12/00) (**not** approved for issuance)

34.    <u>Deputy Counsel to the President</u> Memorandum re Application of Coreligionsts Exemption (Lederman/Moss) (issued on 10/12/00) (approved for issuance)

35.    <u>Attorney General</u>: Memorandum re A Sitting President's Amenability to Indictment and Criminal Prosecution (issued 10/16/00)

36.    <u>Office of Intelligence Policy and Review</u>: Memorandum re Title III Electronic Surveillance Material and the Intelligence Community (Bellia/Singdahlsen/Moss) (issued on 10/17/00)

37.    <u>Civil Division, DOJ</u>: Memorandum re Payment of Witness Fees by the Department of Justice in a NAFTA Proceedings (Werner/Koffsky/Jackson) (issued on 10/17/00) (**not** approved for issuance)

38.    <u>JMD/AFMLS/Criminal Div.</u>: Memorandum re Payment of Awards in Excess of $250,000 from the Department of Justice Assets Forfeiture Fund (Freitas/Koffsky/Jackson) (issued on 10/18/00)

39.    <u>General Counsel, Immigration & Naturalization Service</u>: Memorandum re Section 235A of the Immigration National Act (Morrison/Koffsky/Treanor) (issued on 10/23/00) (approved for issuance)

40.    <u>Assistant General Counsel, Dept. of Treasury</u>: Memorandum re Application of 18 U.S.C. Section 207(d) to Certain Employees of the Treasury Department (Koffsky) (issued on 11/3/00)

41.    <u>Director, Office of Government Ethics</u>: Memorandum re Definition of Candidate Under 18 U.S.C. Section 207(j) (Simon/Koffsky) (issued on 11/06/00) (approved for issuance)

42.    <u>General Counsel, Department of Defense</u> Memorandum re Withholding State Income Tax from Military Compensation of Native American Service Members (Morrison/Jackson/Guerra) (issued on 11/22/00)

43.    <u>General Counsel, General Services Administration</u>: Memorandum re Use of Agency Resources to Support Presidential Transition (Freitas) (issued on 11/22/00)

44.    <u>AAG, Environment and Natural Resources Div.</u>   Memorandum re Payment of Attorney's Fees in Litigation (Kehne) (issued on 11/27/00)

45.    <u>Counsel to the President</u>: Memorandum re Authority of the Administrator of the General Services Administration to Provide Transition Assistance (Singdahlsen/Koffsky) (issued on 11/28/00)

46.    <u>Attorney General</u>: Memorandum re Authorization for Continuing Hostilities in Kosovo (Wexler) (issued on 12/19/00)

47.    <u>Pardon Attorney</u>: Memorandum re Whether the President May Have Access to Grand Jury Material in the Course of Exercising Discretion to Grant Pardons (R.Werner) (issued on 12/22/00)

2001 LIST OF OPINIONS
January 2001 through December 2001

1.  General Counsel/DOD: Memorandum re Authority for Department of Defense to Enter Into Indemnification Contract Under Pub. L. No. 85-804 and Exec. Order No. 10789 (Wexler/Freitas/Koffsky) (**issued on 01/05/01**)

2.  Co-Chairman/Interagency Group on Puerto: Memorandum re Puerto Rico Status Proposals (Morrison/Treanor) (**issued on 01/11/01**)

3.  Deputy Counsel/WHC: Memorandum re HUD Agreement with the Chicago Housing Authority (Kehne/Freitas/Moss/Guerra) (**issued on 01/12/01**)

4.  General Counsel/Dept. Of Agriculture: Memorandum re Preferences Under Subsection 7(b) of the Indian Self-Determination and Education Assistance Act (Cedarbaum/Jackson/Guerra) (**issued on 01/17/01**)

5.  Chief of Staff/Criminal Div.: Memorandum re Disposition of Records Subject to the Right to Financial Privacy Act (Cedarbaum/Caminker/Koffsky/Treanor) (**issued 01/17/01**)

6.  General Counsel/GSA: Memorandum re Legality of Reimbursing the President-elect and/or the Vice-President-elect for Transition Related Expenses Incurred After the General Election But Before the Administrator of General Services Had Ascertained them as the Apparent Successful Candidates for the Office of the President and Vice President (R. Werner/J. Guerra) (**issued on 01/17/01**)

7.  General Counsel/EOUSA: Memorandum re Application of the Prohibition Against Disclosure of Social Security Account Numbers Contained in 42 U.S.C. § 405(c)(2)(C)(viii) to the Disclosure by the United States Trustee Program of Bankruptcy Petition Preparers' Social Security Account Numbers Obtained Pursuant to 11 U.S.C. § 110 (B. Werner/Treanor/Guerra) (**issued on 01/17/01**)

8.  Director/OGE: Memorandum re Authority of the Office of Government Ethics to Issue Touhy Regulations (Guerra/Koffsky/Lee) (**issued on 01/18/01**)

9.  Acting Assistant Attorney General/Tax Div.: Memorandum re Amended Memorandum Concerning Competing Claims of Department of Labor and Internal Revenue Service to Proceeds from Sale of Job Shop Technical Services, Inc. (Guerra/Jackson/Werner) (**issued on 01/18/01**)

10. Assistant Attorney General/OLA: Memorandum re Puerto Rico Status Proposals (Treanor/Morrison) (**issued on 01/18/01**)

11. <u>Assistant Attorney General/Criminal Div.</u>: Memorandum re Standards for Government Access to Voice Mail and Answering Machine Messages (Singdahlsen/Bellia/Moss/Treanor) **(issued on 01/19/01)**

12. <u>Assistant Attorney General/Admin.</u>  Memorandum re Applicability of the Antideficiency At to a Violation of a Condition or Internal Cap Within an Appropriation (Treanor/Guerra/Krass/Simon) **(issued on 01/19/01)**

13. <u>Solicitor/DOL and General Counsel/VA</u>: Memorandum re The Effect of Veterans' Health Administration Nurses' Additional Pay for Sunday and Night Duty on Calculation of Workers' Compensation Benefits **(**Nidiry) **(issued on 01/19/01)**

14. <u>General Counsel/DOC</u>: Memorandum re NOAA Corps Eligibility for Professional Liability Costs Reimbursement (Guerra/Jackson/Smith) **(issued on 01/19/01)**

15. <u>General Counsel/TREAS</u>: Memorandum re Investment of Federal Trust Funds for Cheyenne River and Lower Brule Sioux (Guerra/Koffsky/Freitas) **(issued on 01/19/01)**

16. <u>Acting General Counsel/GSA</u>: Memorandum re Legality of Obligating Government Funds for Advertising by the General Services Administration (Koffsky/Nidiry) **(issued on 01/19/01)**

17. <u>OLC Attorneys</u>: Memorandum re The Constitutional Separation of Powers Over Foreign Affairs and National Security (Treanor/Koffsky) **(issued on 01/19/01)**

18. <u>Deputy Assistant Attorney General</u>: Memorandum re Appropriate Source of Payment for Judgments and Settlements Resolving Claims for Refunds of Harbor Maintenance Tax Payments (Koffsky/Kehne) **(issued on 01/20/01)**

19. <u>Deputy Counsel to the President</u>: Memorandum re Whether an Internal Delegation of Authority, Which has been Promulgated by Following the Administrative Procedure Act's Notice and Comment Provisions, May be Revoked Only by a Rule Issued Through the Notice and Comment Procedures (R. Werner/Koffksy) **(issued on 02/09/01)**

20. <u>Deputy Counsel to the President</u>**:** Memorandum re Applicability of Section 617 of Public Law 106-554 and 5 C.F.R. § 2134.330(b) to Proposed Arrangement Locating Department of Justice Employee in White House (U. Werner) **(issued on 02/13/01)**

21. <u>Acting General Counsel/DOC</u>:   Memorandum re Whether a Delegation of Authority, Which has Been Promulgated by Following the Administrative Procedure Act's Notice and Comment Provisions, May be Revoked Only by a Rule Issued through the Notice and Comment Procedures (U. Werner) **(issued on 02/14/01)**

22. <u>Acting General Counsel/DOC</u>: Memorandum re Discretion of the Secretary of Commerce to Use Statistical Sampling in Carrying Out the Provisions of Title 13 (Werner) **(issued on 02/20/01)**

23.     <u>Director/OGE</u>: Memorandum re Whether Section 501(c) of Ethics in Government Act Remains in Effect After Invalidation of Section 501(b) (U. Werner) **(issued on 03/01/01)**

24.     <u>Acting Assistant Attorney General</u>: Memorandum re Applicability of 18 U.S.C. § 1913 to the Provision of Official Time to Employee Union Representatives to Lobby Congress on Representational Issues (Krass/Koffsky) **(issued on 03/23/01)**

25.     <u>Associate Counsel to the President</u>: Memorandum re Authority of the President to Remove the Staff Director of the United States Commission on Civil Rights and to Appoint an Acting Staff Director (Morrison) **(issued on 03/30/01)**

26.     <u>Counselor to the Attorney General</u>: Memorandum re Regulation of an Inmate's Access to the Media (R. Werner) **(issued on 04/13/01)**

27.     <u>Acting General Counsel, GSA</u>: Memorandum re Sale of Governors Island (Wexler) **(issued on 04/24/01)**

28.     <u>Counselor to the Attorney General</u>: Memorandum re Application of the Freedom of Information Act to Documents Created or Obtained During the Process of Reviewing Potential Judicial Nominees (Wexler) **(issued on 04/27/01)**

29.     <u>Acting General Counsel</u>: Memorandum re Application of the Drivers' Privacy Protection Act to Military Recruiting Contractors (Nidiry) **(issued on 05/24/01)**

30.     <u>General Counsel</u>: Memorandum re Emoluments Clause and World Bank (Koffsky) **(issued on 05/24/01)**

31.     <u>Associate Counsel to the President</u>: Memorandum re Applicability of Post-Employment Restrictions in 18 U.S.C. § 207 to a Former Government Official Representing a Former President or Vice President in Connection with the Presidential Records Act (Morrison) **(issued on 06/20/01)**

32.     <u>Associate White House Counsel</u>: Memorandum re Indirect Aid to Faith-Based Organizations Under Section 1994A Charitable Choice of H.R.7 The Community Solutions Act (Bradshaw) **(issued on 06/22/01)**

33.     <u>Associate White House Counsel</u>: Memorandum re Section 1994A Charitable Choice of H.R.7, The Community Solutions Act (Bradshaw) **(issued on 06/25/01)**

34.     <u>Attorney General</u>: Memorandum re Whether Physician-Assisted Suicide Serves a "Legitimate Medical Purpose" Under the Drug Enforcement Administration's Regulations Implementing the Controlled Substances Act (Delahunty) **(issued on 06/27/01)**

35.     <u>Associate White House Counsel</u>: Memorandum re Delegation of Authority to the NASA Administrator (Bradshaw) **(issued on 07/13/01)**

36.    <u>Vice President and General Counsel/USPS:</u>   Memorandum re Applicability of 18 U.S.C. § 336 to Use of Stamps in Micropayment Program (Koffsky) **(issued on 07/24/01)**

37.    <u>Senior Associate Counsel to the President</u>: Memorandum re Congressman Rohrabacher's Amendment to H.R.2500, The Departments of Commerce, Justice, and State, the Judiciary and Related Agencies Appropriations Act, FY 2002 (Delahunty) **(issued on 07/25/01)**

38.    <u>Counsel to the President</u>: Memoradum re President's Authority to Remove the Chair of the CPSC (Yoo) **(issued on 07/31/01)**

39.    <u>Associate White House Counsel</u>: Memorandum re Appointment of Phil Perry as the Acting Associate Attorney General (Bradshaw) **(issued on 08/07/01)**

40.    <u>Assistant Attorney General</u>: Memorandum re National Archives and Records Administration's Letter Concerning Destruction of National Instant Criminal Background Check System Records (Cedarbaum) **(issued on 08/16/01)**

41.    <u>Legal Adviser</u>: Memorandum re President's Constitutional Authority to Withdraw Treaties from the Senate (Yoo) **(issued on 08/24/01)**

42.    <u>Chief of Staff to the Attorney General:</u> Memorandum re Removal of the Acting Assistant Attorney General for Administration (Yoo) **(issued on 8/30/01)**

43.    <u>Principal Deputy General Counsel</u>: Letter re Whether the Department of Navy has the Authority to Hire Outside Counsel for the Purpose of Providing Advice in Regard to an Upcoming Referendum in Puerto Rico (Yoo) **(issued on 08/30/01)**

44.    <u>Counsel to the President</u>: Memorandum re President's Authority to Make a Recess Appointment to the National Labor Relations Board (Koffsky) **(issued on 08/31/01)**

45.    <u>General Counsel/TREAS and Chief Counsel/Thrift</u>: Memorandum re Post-Employment Restriction of 12 U.S.C. § 1812(e) (Koffsky) **(issued on 09/04/01)**

46.    <u>Deputy Counsel to the President</u>: Memorandum re Presidential Authority to Restrict Entry into the United States (Yoo) **(issued on 9/13/01)**

47.    <u>Deputy Counsel to the President</u>: Memorandum re FAA to Take Security Measures (Yoo) **(issued on 9/13/01)**

48.    <u>Deputy Counsel to the President</u>: Memorandum re Authority to Require Lenders to Forbear (Whelan)**(issued on 09/16/01)**

49.    <u>Deputy Counsel to the President</u>: Memorandum re Price Controls (Whelan) **(issued on 09/16/01)**

50.  <u>Deputy Counsel to the President</u>: Memorandum re The President's Constitutional Authority to Conduct Military Operations Against Terrorists and Nations Supporting Them (Yoo) **(issued on 09/25/01)**

51.  <u>Associate Deputy Attorney</u>: Memorandum re Constitutionality of Amending Foreign Intelligence Act to Change the Purpose Standard for Searches (Yoo) **(issued on 09/25/01)**

52.  <u>Deputy Assistant Attorney General</u>: Memorandum re Checking Names of Prohibited Persons Against Records in the NICS Audit Log Concerning Allowed Transfers (Cedarbaum) **(issued on 10/01/01)**

53.  <u>Chief Counsel/FDA</u>: Memorandum re Disclosure of Conflicts of Interest of Members of FDA Advisory Panels (Whelan) **(issued on 10/05/01)**

54.  <u>Deputy Counsel to the President</u>: Memorandum re Kennedy Center Board of Trustees (Koffsky) **(issued on 10/10/01)**

55.  <u>Memorandum for Alberto Gonzales</u>: Memorandum re Authority for Use of Military Force to Combat Terrorist Activities Within the United States (Yoo) **(issued on October 17, 2001)**

56.  <u>Acting Assistant Attorney General/JMD</u>: Memorandum re Attorney General's Travel Costs (Koffsky) **(issued on 10/22/01)**

57.  <u>Counsel to the President/General Counsel/DOD</u>: Memorandum re Authority for Use of Military Force to Combat Terrorist Activities Within the United States (Delahunty) **(issued on 10/23/01)**

58.  <u>Deputy Counsel to the President</u>: Memorandum re Terms of Members of the Civil Rights Commission (Koffsky) **(issued on 10/31/01)**

59.  <u>General Counsel/OGE</u>: Memorandum re The Nature of the Financial Interest of a Trustee of a Private Trust and the Scope of the Definition of Serving in an "Organization" as a "Trustee" Under 18 U.S.C. 208(a) (Werner) **(issued on 11/02/01)**

60.  <u>Counsel to the President</u>: Memorandum re Legality of the Use of Military Commissions to Try Terrorists (██) **(issued on 11/06/01)**

61.  <u>AAAG/OLC</u>: Testimony on Edward Whelan III re Oversight of the Presidential Records Act **(11/06/01)**

62.  <u>Senior Associate Counsel to the President</u>: Memorandum re Authority of the President to Suspend Certain Provisions of the ABM Treaty (Delahunty/Yoo) **(issued on 11/15/01)**

63.  <u>General Counsel, DOD</u>: Memorandum re Possible Criminal charges Against American Citizen Who Was a Member of the al Qaeda Terrorist Organization or the Taliban Militia (Yoo) **(issued on December 21, 2001)**

64.   Senior Associate Counsel to the President: Memorandum re Whether Suspension of Certain Provisions of the Treaty Between the United States of America and the Union of Soviet Socialist Republics on the Limitation of Anti-Ballistic Missile Systems To allow the Development and Testing of Missile Defenses Would be Consistent with International Law (Delahunty/Yoo) **(issued on 11/15/01)**

65.   Deputy Counsel to the President: Memorandum re Commerce, Justice and State Appropriations Bill (Colborn) **(issued on 11/20/01)**

66.   Counsel to the President: Memorandum re Treaties and Laws Applicable to the Conflict in Afghanistan and to the Treatment of Persons Captured by U.S. Armed Forces in that Conflict (Yoo) **(issued on 11/30/01)**

67.   AAG/OLC: Testimony of Jay Bybee on Settlement of the "Nextwave" Case **(12/6/01)**

68.   General Counsel/DoD: Memorandum re Whether U.S. Armed Forces in Afghanistan are Legally Obligated to Prevent Certain Conduct by Others (b) (6)    **(issued on 12/11/01)**

69.   Counsel to the President: Memorandum re Authority of the President to Denounce the ABM Treaty (Delahunty/Yoo) **(issued on 12/14/01)**

70.   General Counsel/Department of Defense: Memorandum re Possible Criminal Charges Against American Citizen Who Was a Member of the al Qaeda Terrorist Organization or the Taliban Militia (Yoo) **(issued on 12/20/01)**

71.   Members of the National Mediation Board: Memorandum re Chair of the National Mediation Board (Koffsky/Bradshaw) **(issued on 12/28/01)**

72.   General Counsel/Department of Defense: Memorandum re Possible Habeas Jurisdiction over Aliens Held in Guantanamo Bay, Cuba (Yoo/Philbin) **(issued on 12/28/01)**

2002 LIST OF OPINIONS
January 2002 through December 2002

1.      Counsel to the President: Letter re Detainees Captured During the Afghanistan Conflict
        (Yoo/██) **(issued on January 11, 2002)**

2.      Counsel to the President: Memorandum re Application of Treaties and Laws to al Qaeda
        and Taliban Detainees (Yoo) **(issued on January 22, 2002)**

3.      Acting Assistant Attorney General for Admin.  Memorandum re Tax Reporting of the
        Attorney General's and Deputy Attorney General's Home-to-Work Transportation
        (Kehne/Whelan) **(issued on January 30, 2002)**

4.      Counsel to the President: Memorandum re Status of Taliban Forces Under Article 4 of the
        Third Geneva Convention of 1949 (Yoo) **(issued on February 7, 2002)**

5.      General Counsel for Department of Defense: Memorandum re Potential Legal Constraints
        Applicable to Interrogations of Persons Captured by U.S. Armed Forces in Afghanistan
        (██) **(issued on February 26, 2002)**

6.      Deputy General Counsel for Department of Education: Memorandum re Application of 18
        U.S.C. § 203 to Former Employee's receipt of Attorney's Fees (Koffsky) **(issued on
        February 28, 2002)**

7.      Counsel to the President: Memorandum re Reporting Requirements of the War Powers
        Resolution (Yoo) **(issued on March 8, 2002)**

8.      Deputy Attorney General: Memorandum re Authority of State and Local Law Enforcement
        Officers to Arrest Aliens for Immigration Violations (Huntington/Whelan) **(issued on
        March 11, 2002) (not a public document)**

9.      General Counsel, Department of Defense: Memorandum re The President's Power as
        Commander in Chief to Transfer Captured Terrorists to the Control and Custody of
        Foreign Nations (██ (b) (6) ██) **(issued on March 13, 2002)**

10.     General Counsel, INS:    Memorandum re Role of Legal Guardians or Proxies in
        Naturalization Proceedings (Whelan/Simon) **(issued on March 13, 2002)**

11.     Deputy Counsel to the President: Memorandum re What Actions the President Can Take
        Unilaterally and without Congressional Consent Towards Centralizing Border Control
        Policy (Yoo) **(issued on March 20, 2002)**

–1–

12.     <u>Attorney General</u>: Memorandum re Non-Preemption of the Authority of State and Local Enforcement Officials to Arrest Aliens for Immigration Violations (Huntington/Whelan) **(issued on April 3, 2002) (<u>not</u> <u>a</u> <u>public</u> <u>document</u>)**

13.     <u>Testimony by John Yoo</u>: Testimony for Senate Committee on the Judiciary re Applying the War Powers Resolution to the War on Terrorism **(April 17, 2002)**

14.     <u>U.S. Chemical Safety and Hazard Investigation Board</u>: Memorandum re Whether the Board May Delegate Executive and Administrative Authority, Previously Exercised by its Chairperson, to a Single Member While the Position of Chairperson is Vacant (Koffsky) **(issued on April 19, 2002)**

15.     <u>General Counsel/OGE</u>: Memorandum re Application of Conflict-of-Interest Rules to Appointees Who Have Not Begun Service (Koffsky) **(issued on May 8, 2002)**

16.     <u>Deputy Counsel to the President</u>: Memorandum re Applicability of Ineligibility Clause to Appointment of Congressman Tony P. Hall (Koffsky) **(issued on May 30, 2002)**

17.     <u>Solicitor General</u>: Memorandum re Survey of the Law of Expatriation (Ho) **(issued on June 12, 2002)**

18.     <u>Chief Counsel/DEA</u>: Memorandum re Authority of Federal Judges and Magistrates to Issue "No-Knock" Warrants (G. Smith) **(issued on June 12, 2002)**

19.     <u>General Counsel/DOD</u>: Memorandum re Legal Constraints to Boarding and Searching Foreign Vessels o the High Seas ( (b) (6) ) **(issued on June 13, 2002)**

20.     <u>Assistant Attorney General/OLA</u>: Memorandum re Applicability of 18 U.S.C. § 400(a) to Military Detention of United States Citizens ( (b)(6) ) **(issued on June 27, 2002)**

21.     <u>Associate Deputy Attorney General</u>: Memorandum re Constitutionality of Proposed Amendments to FISA (Koffsky) **(issued on June 28, 2002)**

22.     <u>General Counsel for the Board of Governors</u>: Memorandum re Permissibility of federal Reserve Board Efforts to Control Access to Buildings and Open Meetings (Colborn) **(issued on July 9, 2002)**

23.     <u>Senior Associate Counsel to the President and Legal Adviser to the NSC</u>: Memorandum re Presidential Authority to Declare Russia a "Market Economy Country" for Purposed of the Jackson-Vanik Amendment to the 1974 Trade Act (19 U.S.C. § 2432) (Ho) **(issued on July 9, 2002)**

24.     <u>Deputy Counsel to the President</u>: Memorandum re Contacts with Military Prisoner Represented by Counsel ( (b) (6) ) **(issued on July 9, 2002)**

–2–

25.  Deputy Counsel to the President: Memorandum re Meaning of "Employed" in 18 U.S.C. § 207(j)(7)(B)(ii) (Koffsky) **(issued on July 15, 2002)**

26.  Deputy Attorney General: Memorandum re Effect of the Patriot Act on Disclosure to the President and Other Federal Officials of Grand Jury and Title III Information Relating to National Security and Foreign Affairs (R. Werner/P. Philbin) **(issued on July 22, 2002)**

27.  Counsel to the President: Letter re the Effect of Adding a Non"-Self-Execution" Declaration to the Convention on the Elimination of Discrimination Against Women, 1246 U.N.T.S. 13 (CEDAW) (Yoo/Ho) **(issued on July 22, 2002)**

28.  Attorney General: Memorandum re Standards of Conduct for Interrogation Under 18 U.S.C. §§ 2340-2340A (Yoo) **(issued on August 1, 2002)**

29.  Deputy Attorney General: Memorandum re Contacts with Military Prisoner Represented by Counsel ((b) (6)/Yoo) **(issued on August 2, 2002)**

30.  Assistant Attorney General, Criminal Division: Memorandum re Whether Section 319(b) of the Patriot Act Includes Authority for the Issuance of Grand Jury Subpoenas to Foreign Banks that Maintain Correspondent Accounts in the United States (R.Werner/Larsen/Yoo) **(issued on August 6, 2002)**

31.  Administrator for Federal Procurement Policy/OMB: Memorandum re What Limitations 44 U.S.C. § 1903 May Place on Executive Agencies Procuring the Printing of Government Publications (Eisenberg) **(issued on August 22, 2002)**

32.  Counsel to the President: Memorandum re United States Holocaust Memorial Council (Whelan) **(issued on August 22, 2002)**

33.  Assistant Attorney General, Office of Legal Policy: Memorandum re Scope of Section 203(d) of the Patriot Act and Its Impact on the Scope of the Mandatory Disclosure Provision of Section 905(a) of the Patriot Act (R. Werner) **(issued on September 17, 2002)**

34.  General Counsel/FEMA: Memorandum re Authority of FEMA to Provide Disaster Assistance to Seattle Hebrew Academy (S. Johnson) **(issued on September 25, 2002)**

35.  General Counsel/Office of President: Memorandum re Constitutionality of Public Law 107-240, Which Purports to Require the Executive Branch to Procure Virtually All Printing Needs Through the Government Printing Office (Bradshaw) **(issued on October 22, 2002)**

36.  Counsel to the President: Memorandum re the Authority of the President Under Domestic and International Law to Use Military Force Against Iraq ((b) (6)) **(issued on October 23, 2002)**

37.     Counsel to the President: Memorandum re the Congressional Notification for Certain Special Operations **(issued on November 1, 2002)**

38.     Associate Counsel to the President: Memorandum re the New York Property Law Issues Related to the Conveyance of Governors Island (Gannon) **(issued on November 1, 2002) (privileged and confidential) not for publication**

39.     Attorney General: Memorandum re Department of Defense Assistance in an Federal Bureau of Investigation Domestic Terrorism Investigation (Hart) **(issued on November 5, 2002)**

40.     Counsel to the President: Memorandum re Effect of a Recent United National Security Council Resolution on the Authority of the President Under International Law to Use Military Force Against Iraq (Yoo) **(issued on November 8, 2002)**

41.     Deputy Counsel to the President: Memorandum re Acting Solicitor of Labor (Koffsky/Whelan) **(issued on November 15, 2002)**

42.     Attorney General: *Matter of E-L-H* in Deportation Proceedings (Huntington/Whelan)

43.     Attorney General: *Matter of C-Y-Z* in Exclusion Proceedings (Huntington/Whelan) **(issued on November 21, 2002)**

44.     General Counsel/Dept. Of Defense: Memorandum re Withdrawal from the Oil Platforms Case (Krass) **(issued on November 19, 2002)**

45.     Counsel to the President: Memorandum re Signing of H.J.Res.124 (Koffsky) **(issued on November 22, 2002)**

46.     Associate Counsel to the President: Memorandum re Expiration of Authority of Recess Appointees (Koffsky) **(issued on November 22, 2002)**

47.     Associate General Counsel/OMB: Memorandum re Operations of the Government National Mortgage Association in an Appropriations Lapse (Koffsky) **(issued on November 26, 2002)**

48.     Deputy Attorney General: Memorandum re Military Interrogations of Persons Detained in the Criminal Justice System (Philbin) **(issued on December 6, 2002)**

49.     Counsel to the Vice President: Memorandum re Further Material Breach Under U.N. Security Council Resolution 1441 as a Result of False Statements or Omissions in Iraq's WMD Declaration (b)(6) **(issued on December 7, 2002)**

–4–

50.    <u>Deputy Attorney General</u>: Memorandum re Bureau of Prisons Practice of Placing in Community Confinement Certain Offenders Who Have Received Sentences of Imprisonment (Whelan/Smith) **(issued on December 13, 2002)**

51.    <u>Counsel to the President</u>: Memorandum re Applicability of 18 U.S.C. § 209 to Certain Payments (Koffsky) **(issued on December 13, 2002)**

52.    <u>Deputy Attorney General</u>: Memorandum re Reasonable Suspicion That an Aircraft is Primarily Engaged in Illicit Drug Trafficking (Koffsky) **(issued on December 13, 2002)**

53.    <u>General Counsel/Dept. Of Treasury</u>: Memorandum re Under Secretary of Treasury for Enforcement (Koffsky) **(issued on December 19, 2002)**

54.    <u>Counsel to the President</u>: Memorandum re Duty to File Public Financial Disclosure Report (Koffsky) **(issued on December 19, 2002)**

55.    <u>Deputy Attorney General:</u> Memorandum re Legality of Fixed-Priced Intergovernmental Agreements for Detention Services (Whelan) **(issued on December 31, 2002)**

2003 LIST OF OPINIONS
January 2003 through December 2003

1.    <u>General Counsel, OMB:</u>    Memorandum re Funding for Technical Assistance for Agricultural Conservation Programs (Kehne/Whelan) **January 3, 2003**

2.    <u>General Counsel/Navy, Acting Deputy General Counsel/EEOC</u>: Memorandum re The Equal Employment Opportunity Commission's Authority to Impose Attorney's Fees Against Federal Agencies for Failure to Comply with Orders Issued b y EEOC Administrative Judges (Eisenberg) **January 6, 2003**

3.    <u>Associate Counsel to the President</u>: Memorandum re Appointments to the United States Court of Appeals for Veterans Claims (Koffsky) **January 7, 2003**

4.    <u>Deputy Attorney General</u>: Memorandum re The Meaning of "To Be Primarily Engaged in Illicit Drug Trafficking" (Koffsky) **January 21, 2003**

5.    <u>General Counsel/USTR</u>: Memorandum re Whether an Appropriations Rider Contained in Pub. L. No. 107-77 Prohibits the Office of the United States Trade Representative from Including Tobacco and Tobacco Products Agreements to Reduce or Eliminate Tariffs (Whelan) **January 24, 2003**

6.    <u>Counsel to the President</u>: Memorandum re Presidential Authority to Protect National Security Information (Yoo) **January 27, 2003**

7.    <u>Counsel for National Security Affairs/ODAG</u>: Memorandum re Cybercrime Convention (Eisenberg) **January 29, 2003**

8.    <u>Deputy Director for Management/OMB</u>: Memorandum re Whether Canteen Service Provided Through the Veterans' Canteen Service is Exempt from Review Under Federal Activities Inventory Reform Act of 1998 (Eisenberg/Whelan) **January 31, 2003**

9.    <u>General Counsel/DOT, Acting Chief Counsel/Bureau of Alcohol, Tobacco, Firearms</u>: Memorandum re Section 1123(b) of the Safe Explosives Act (Huntington) **February 6, 2003**

10.    <u>Counsel to the President</u>: Memorandum re United States Holocaust Memorial Council (Whelan) **February 6, 2003**

11.    <u>Deputy Attorney General</u>: Memorandum re Limitations on the Detention Authority of the INS (Philbin) **February 20, 2003**

12.    <u>Solicitor/National Labor Relations Board</u>: Memorandum re Quorum Requirements (Koffsky) **March 4, 2003**

13.  <u>Deputy Attorney General</u>: Memorandum re Scope of the Attorney General's Authority to Assign Duties Under 21 U.S.C. Section 878(a)(5) (Koffsky) **March 24, 2003**

14.  <u>Associate Deputy Attorney General</u>: Memorandum re Meaning of "Probable Cause" (Delahunty) **April 9, 2003**

15.  <u>Counsel to the President and General Counsel to DOD</u>: Memorandum re Authority of the President Under Domestic and International Law to Make Fundamental Institutional Changes to the Government of Iraq (Berry) **April 14, 2003**

16.  <u>Attorney General</u>: Memorandum *In re D*(b) (6) *J*(b) (6) (A (b) (6)) (George Smith) **April 17, 2003**

17.  <u>Legal Adviser</u>: Memorandum re Authority of the United States to Export Items to Iraq and Iran (Koffsky) **April 28, 2003**

18.  <u>Solicitor</u>: Memorandum re Authority of the Department of the Interior to Provide Historic Preservation Grants to Historic Religious Properties Such as the Old North Church (Johnson) **April 30, 2003**

19.  <u>Counsel to the President and General Counsel to the DOD</u>: Memorandum re The President's Authority to Provide Military Equipment and Training to Allied Forces and Resistance Forces in Foreign Countries (Koester) **May 6, 2003**

20.  <u>General Counsel SBA</u>: Memorandum re Applicability of 18 U.S.C. § 431 to Small Business Administration Loans (Colborn) **May 7, 2003**

21.  <u>General Counsel DOD</u>: Memorandum re Contacts with Military Detainee Represented by Counsel ((b) (6)) **May 12, 2003**

22.  <u>General Counsel DOD</u>: Memorandum re Modification to Department of Defense Screening Procedures (Koester) **May 15, 2003**

23.  <u>General Counsel DOD</u>: Memorandum re Authority to Protect the Secretary of Defense and Certain Members of His Family (Eisenberg) **May 21, 2003**

24.  <u>Deputy Counsel to the President</u>: Memorandum re Designation of Acting Director of the Office of Management and Budget (Koffsky) **June 12, 2003**

25.  <u>General Counsel/Veterans Affairs</u>: Memorandum re VA's Authority to Fill Certain Prescriptions Written by Non-VA Physicians (Smith/Whelan) **July 3, 2003**

26.  <u>Attorney General</u>: Memorandum re *Lawrence v. Texas*, No. 02-102 (U.S. June 26, 2003) (Whelan) **July 14, 2003**

27.    <u>Deputy Attorney General</u>: Memorandum re Interpretation of Section 586 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act (Colborn) **July 18, 2003**

28.    <u>Acting Principal Legal Advisor/Dept. Of Homeland Security</u>: Memorandum re Eligibility of Unlegitimated Children for Derivative Citizenship (Simon/Whelan) **July 24, 2003**

29.    <u>General Counsel/OMB</u>: Memorandum re Authority of Chief Financial Officer under FY 2003 HUD Appropriations (Whelan) **August 8, 2003**

30.    <u>General Counsel/OMB</u>: ***Revised*** Memorandum re Authority of Chief Financial Officer under FY 2003 HUD Appropriations (Whelan) **August 12, 2003**

31.    <u>Director, Executive Office for United States Attorneys</u>: Q's and A's re Temporary Filling of Vacancies in the Office of United States Attorney (Koffsky/Whelan) **September 5, 2003**

32.    <u>Attorney General</u>: Memorandum re Temporary Filling of Vacancies in the Position of United States Attorney (Koffsky/Whelan) **September 5, 2003**

33.    <u>AAG/Civil Rights Division</u>: Memorandum re Employment Opportunity Commission's Authority to Initiate Actions Against Public Employers to Enforce Settlement or Conciliation Agreements (Demers) **September 8, 2003**

34.    <u>Counsel to the President</u>: Memorandum re Amtrak Board of Directors (Koffsky/Whelan) **September 22, 2003**

35.    <u>Principal Deputy Assistant Attorney General/CRTS</u>: Memorandum re Whether Certain Direct Recording Electronic Voting Systems Comply With the Help America Vote Act and the Americans with Disabilities Act (Mitchell) **October 10, 2003**

36.    <u>Attorney General</u>: Memorandum re Interim United States Attorney Appointed Before Expiration of Predecessor's Term (Whelan/Koffsky) **October 17, 2003**

2004 LIST OF OPINIONS
January 2004 through December 2004

1.  Counsel to the President: Letter re Whether it is Legally Permissible for the President to Assert Constitutionally Based Privilege with Respect to Certain Reagan Administration Documents that are Otherwise Required to be Released by the National Archives and Records Administration (NARA) Under the Presidential Records Act (PRA) (Colborn) **January 12, 2004**

2.  Attorney General: Memorandum re Luviano, 21 I. & N. Dec. 235 (BIA 1996 and Marroquin, A ███(b) (6)███ (BIA Feb. 21, 1997) (Huntington) **February 4, 2004**

3.  Deputy Attorney General: Memorandum re Status of the Foreign Claims Settlement Commission (Koffsky/Whelan) **February 20, 2004**

4.  Counsel to the President: Memorandum re Recess Appointments in the Current Recess of the Senate (Koffsky) **February 20, 2004**

5.  Deputy Legal Adviser/DOS: Memorandum re Liability of Contractors in Airbridge Denial Programs (Koffsky) **March 1, 2004**

6.  General Counsel/OPM and USPS: Memorandum re Apportionment of False Claims Act Recoveries to Agencies (Colborn) **March 12, 2004**

7.  Counsel to President: Memorandum re Deployment of United States Armed forces Into Haiti (Miller) **March 17, 2004**

8.  Counsel to the President: Memorandum re Protected Persons in Occupied Iraq (███(b) (6)███) **March 18, 2004**

9.  Chief, Criminal Division: Memorandum re The Statute of Limitations for Certain Murders That Were Not Capital When Committed But That Were Subsequently Made Punishable By Death (███(b) (6)███) **March 19, 2004**

10. Legal Adviser, DOS: Memorandum re Mechanism for Funding Intelligence Centers (Koffsky) **March 19, 2004**

11. General Counsel/OMB: Memorandum re Status of National Veterans Business Development Corporation (Koffsky) **March 19, 2004**

12. Inspector General: Memorandum re Constitutionality of Certain FBI Intelligence Bulletins (Sobota) **April 5, 2004**

13. General Counsel/HUD: Memorandum re Standards Governing the Government Sponsored Enterprises Nondiscrimination Statute (Lerner/Smith) **April 7, 2004 [P/C]**

14.     <u>General Counsel/HHS</u>: Letter re OLC's response to memorandum from the Congressional Research Service re Agency Prohibiting a Federal Officer from Providing Accurate Cost Information to the United States Congress (Colborn) **May 21, 2004**

15.     <u>Special Counsel</u>: Memorandum re Exemption from the Hatch Act (Koffsky) **June 2, 2004**

16.     <u>General Counsel/Office of Management and Budget</u>: Memorandum re Application of Hatch Act to Certain Officials at OMB, (Koffsky)    **June 4, 2004**

17.     <u>Counsel to the Deputy Attorney General</u>: Memorandum re FBI Investigative Authority (Colborn) **June 7, 2004**

18.     <u>Counsel to the President</u>: Memorandum re the Authority of the United States, Under International Law, to Withdraw from the Optional Protocol to the Vienna Convention on Consular Relations Concerning the Compulsory Settlement of Disputes (Demers)   **June 10, 2004**

19.     <u>Deputy Attorney General</u>: Memorandum re Presidential Certification for a Program of Aerial Interdiction (Koffsky), **June 14, 2004**

20.     <u>General Counsel/Presidio Trust</u>: Memorandum re Jurisdiction of the Equal Employment Opportunity Commission Over Complaints Alleging Employment Discrimination by the Presidio Trust (Simon), **June 22, 2004**

21.     <u>General Counsel/OGE</u>: Memorandum re Application of 18 U.S.C § 207(f) to a Former Senior Employee of the Department of Commerce, (Simon)   **June 22, 2004**

22.     <u>General Counsel/Treasury</u>: Memorandum re Authority of the Secretary of the Treasury to Regulate the Issuance of Debt by Government-Sponsored Enterprises (Miller) **July 13, 2004**

23.     <u>Acting General Counsel/DOC</u>: Memorandum re Whether the Department of Commerce May Prescribe Regulations Limiting the Partisan Political Activities of the Commissioned Officers Corps in the National Oceanic and Atmospheric Administration (NOAA) (Mitchell)   **July 29, 2004**

24.     <u>General Counsel/HHS</u>: Memorandum re Whether Appropriations May be Used for Informational Video News Release (Sobota) **July 30, 2004**

25.     <u>Attorney General</u>**:** Classified memorandum (Levin) **August 17, 2004**

26.     <u>Attorney General</u>: Memorandum re Whether the Second Amendment Secures on Individual Right (Levin/Marshall) **August 24, 2004**

27.  <u>Deputy Counsel/WH</u>: Memorandum re Requirement that "Private Citizens" be appointed from "Private Life" to the National Council for the Humanities (Koffsky/Herring) **August 27, 2004**

28.  <u>Deputy Chief Counsel/FAA</u>: Memorandum re Ethics Issues Raised by the Retention and Use of the Flight Privileges by Employees of the FAA (Koffsky/Chaiten) **August 30, 2004**

29.  <u>Acting General Counsel/HUD</u>: Memorandum re Authority of HUD's Chief Financial Officer to Submit Final Reports on Violations of Appropriations Laws (Johnson) **August 31, 2004**

30.  <u>Deputy Attorney General</u>: Memorandum *In Re Luviano* 21 I. & N. Dec. 235 (BIA 1996) and *In re Marroquin*, A██ (b) (6) ██ (BIA Feb. 21, 1997) (Knepper) **September 7, 2004**

31.  <u>Vice President and General Counsel/USPS</u>:    Memorandum re Legality of EEOC's Class Action Regulations (Demers) **September 20, 2004**

32.  <u>Deputy Secretary/DOC</u>: Memorandum re Use of Appropriations to Pay Travel Expenses for an International Trade Administration Fellowship Program (Koffsky/Chaiten/ Bradbury) **October 7, 2004**

33.  <u>Attorney General</u>: Memorandum re Response to Terrorist Attacks: Coordination with State and Local Law Enforcement and Military Officials (Hart/Levin) **October 8, 2004**

34.  <u>Assistant Attorney General/OJP</u>: Memorandum re Applicability of Section 504 of the Rehabilitation Act to a Tribally Controlled School (Simon) **November 16, 2004**

35.  <u>Deputy Counsel to the President</u>: Memorandum re Terms of Members of the Civil Rights Commission (Koffsky) **November 30, 2004**

36.  <u>General Counsel/Dept. of Defense</u>: Memorandum re Communications with Detainees in the Combatant Status Review Tribunal Who Are Represented by Counsel (██(b) (6)██) **December 6, 2004**

37.  <u>Deputy Attorney General</u>: Memorandum re Communications with Detainees in the Combatant Status Review Tribunal Who are Represented by Counsel ██(b) (6)██) **December 6, 2004**

38.  <u>Deputy Counsel to the President</u>: Memorandum re Political Balance Requirement for the Civil Rights Commission (Koffsky) **December 6, 2004**

39.  <u>Deputy Counsel to the President</u>: Memorandum re Potential Defenses to Lawsuits that May Arise from Certain Aspects of the Centers for Disease Control (CDC) Influenza Vaccine Redistribution Plan (Hart/Levin) **December 20, 2004**

40.  <u>Deputy Attorney General</u>: Memorandum In Re: A██████ H██████ (File A ██████) (BIA Nov. 30, 2000) (Bradbury/Koffsky/Johnson) **December 23, 2004**

41.  <u>Deputy Attorney General</u>: Memorandum re: Legal Standards Applicable Under 18 U.S.C. §§ 2340-2340A (Levin/Koffsky) **December 30, 2004**

## 2005 LIST OF OPINIONS
January 2005 through December 2005

1. <u>Deputy Counsel to the President</u>: Letter re Tenure of Appointed Directors of the Federal Home Loan Banks (Koffsky/Bradbury) **dated January 5, 2005**

2. <u>Chief Counsel for ATF</u>: Memorandum re Application of Certain Record-Destruction Requirements to the Bureau of Alcohol, Tobacco, Firearms and Explosives (Marshall) **dated January 11, 2005**

3. <u>Deputy Counsel to the President</u>: Memorandum re Status of the Director of Central Intelligence Under the National Security Intelligence Reform Act of 2004 (Chaiten/Marshall) **dated January 12, 2005**

4. <u>Attorney General</u>: Treatment of Expunged State Convictions Under the Immigration and Nationality Act **dated January 18, 2005**

5. <u>Attorney General</u>: In re A-H- ( (b) (6) ) **dated January 26, 2005**

6. <u>AAG for Civil Division</u>: Memorandum re Application of Environmental Whistleblower Statutes to Department of Justice Attorneys (Sobota) **dated January 27, 2005**

7. <u>General Counsel to the Vice President</u>: Memorandum re Religious Objections to the Postal Service Oath of Office (Johnson/Marshall) **dated February 2, 2005**

8. <u>Associate Counsel to the President</u>: Memorandum re Application of the Emoluments Clause to a Member of the President's Council on Bioethics (Chaiten) **dated March 9, 2005**

9. <u>Deputy General Counsel</u>: Memorandum re Validity of Regulation Interpreting Federal Alcohol Administration Act to Prohibit Slotting Fees in Connection with Alcohol Sales (Weiner) **dated March 11, 2005**

10. <u>General Counsels of Executive Branch</u>: Memorandum re Whether Appropriations May Be Used for Informational Video News Releases (Smith) **dated March 11, 2005**

11. <u>Counsel to the President</u>: Memorandum re Application of the Ineligibility Clause to the Appointment of a United States Representative (Koffsky) **dated April 11, 2005**

12. <u>Deputy Attorney General</u>: Memorandum re Whether OFAC May Without Obtaining A Judicial Warrant Enter the Commercial Premises of a Designated Entity to Secure Property that Has Been Blocked Pursuant to IEEPA (Sobota) **dated April 11, 2005**

13. <u>General Counsel for HHS and Senior Counsel to the Deputy Attorney General</u>: Memorandum re Scope of Criminal Enforcement Under 42 U.S.C. Section 1320d-6 (Demers) **dated June 1, 2005**

14.     <u>Legal Adviser for DOS</u>: Memorandum re Criminal Liability of Officials, Contractors and Grantees of the Department of State and the United States Agency for International Development under 18 U.S.C. §§ 2339A or 2339B for Providing Material Support or Resources to Terrorists in the Course of Properly Authorized Foreign Assistance Activities (Marshall) **dated June 21, 2005**

15.     <u>Director of ATF</u>: Memorandum re Whether the ATF has the authority to permit the importation of the frames, receivers, and barrels of non-importable firearms, where the importation of those parts is solely for purposes of repair or replacement (Willen) **dated July 6, 2005**

16.     <u>Chief Counsel</u>: Memorandum re When a Conviction Qualifies as a "Misdemeanor Crime of Domestic Violence" (Mitchell) **dated July 7, 2005 *[superseded by May 17, 2007 opinion]***

17.     <u>Counsel to the President</u>: Memorandum re Whether the President May Sign a Bill by Directing That his Signature Be Affixed to It (Weiner) **dated July 7, 2005**

18.     <u>Counsel to the President</u>: Memorandum re Whether Fred Thompson Will be an "Officer" or "Employee" (Chaiten) **dated July 28, 2005**

19.     <u>Chairman of Defense Base Closure and Realignment Commission</u>: Memorandum re Authority under the Defense Base Closure and Realignment Act to Close or Realign National Guard Installations Without the Consent of State Governors (Willen) **dated August 10, 2005**

20.     <u>General Counsel of DoD</u>: Memorandum re Proposed Amendments to Military Commission Order No. 1 (**(b) (6)**) **dated August 12, 2005**

21.     <u>Counsel to the President</u>: Memorandum re Funds for National Guard Units Performing "Homeland Defense Activities" (Koffsky) **dated September 8, 2005**

22.     <u>General Counsel of the Navy</u>: Memorandum re Application of 18 U.S.C. § 207(c) to Proposed Communications between Retired Rear Admiral and Marine Commanders in Iraq Regarding Security Issues (Willen) **dated September 13, 2005**

23.     <u>Counsel to the President</u>: Memorandum re Appointments to the Board of the Legal Services Corporation (Koffsky) **dated September 20, 2005**

24.     <u>Solicitor forDepartment of Labor:</u> Letter re Whistleblower Provisions of the Solid Waste Disposal Act and the Clean Air Act (Sobota) **dated September 23, 2005**

25.     <u>General Counsel for Dep'␣t of Commerce</u>: Memorandum re Application of 18 U.S.C. § 1913 to Grass Roots Lobbying by Union Representatives (Koffsky) **dated November 23, 2005**

26.     <u>General Counsel for Presidio Trust</u>: Memorandum re Applicability of Two Employment Discrimination Statutes to the Presidio Trust (Simon) **dated December 8, 2005**

**LIST OF OPINIONS**
**January 2006 through December 2006**

1. <u>Acting General Counsel, GSA</u>: Memorandum re Application of the Miscellaneous Receipts Act to the Settlement of False Claims Act Suits Concerning FTS 2001 Contracts (Kernodle) **dated January 10, 2006**

2. <u>General Counsel, OGE</u>: Memorandum re Financial Interests of Nonprofit Organizations (Koffsky) **dated January 11, 2006**

3. <u>White Paper</u>: Legal Authorities Supporting the Activities of the National Security Agency Described by the President (Bradbury/Eisenberg/(b) (6)) **dated January 19, 2006**

4. <u>Testimony Before the Committee on Resources, United States House of Representatives</u>: The Report by the President's Task Force on Puerto Rico's Status (Marshall) **dated April 27, 2006**

5. <u>Attorney General</u>: Memorandum to obtain the Attorney General's approval of AGO and accompanying opinion in *In Re* (b) (6) *F*(b) (6)-*F*(b) (6) (Boardman/Bamzai) **dated May 1, 2006**

6. <u>Deputy Counsel to the President</u>: Memorandum re Applicability of Records Statutes to White House Access Control Records (Willen/Colborn) **dated May 11, 2006**

7. <u>General Counsel, OGE</u>: Memorandum re Divestiture of Stock and Purchase of Government Bonds by an Incoming Secretary of the Treasury (Koffsky) **dated June 22, 2006**

8. <u>General Counsel, Treasury</u>: Memorandum re Handling of Assets of the Secretary of the Treasury (Koffsky) **dated July 5, 2006**

9. <u>Testimony Before the Committee on the Judiciary, U.S. Senate</u>: *Hamdan v. Rumsfeld* (Bradbury) **dated July 11, 2006**

10. <u>Testimony Before the Committee on the Judiciary, U.S. Senate</u>: *Hamdan v. Rumsfeld* (Bradbury) **dated July 12, 2006**

11. <u>Testimony Before the Committee on the Judiciary, U.S. Senate</u>: FISA for the 21st Century (Bradbury) **dated July 26, 2006**

12. <u>General Counsel/Chemical Safety and Hazard Investigation Board</u>: Memorandum re Application of the Appointments Clause to the Inspector General Position at the Chemical Safety and Hazard Investigation Board (Marshall/Eisenberg) **dated July 27, 2006**

13. <u>United States Pardon Attorney</u>: Memorandum re The Effect of a Presidential pardon on Judicial and Executive Branch Records of the Crime (Willen) **dated August 11, 2006**

14.   <u>General Counsel, USTR</u>: Memorandum re Application of the Government Corporation Control Act and the Miscellaneous Receipts Act to the Canadian Softwood Lumber Settlement Agreement (Koffsky/Kernodle) **dated August 22, 2006**

15.   <u>AAG, Office of Legal Policy</u>: Memorandum re Congress's Constitutional Authority to Authorize Retroactive Denaturalization (Boardman) **dated August 29, 2006**

16.   <u>Chairman, Integrity Committee of the President's Council on Integrity and Efficiency</u>: Memorandum re Jurisdiction of Integrity Committee When Inspector General Leaves Office After Referral of Allegations **dated September 5, 2006**

17.   <u>Testimony Before the Subcommittee on Crime, Terrorism, and Homeland Security, Committee on the Judiciary, U.S. House of Representatives</u>: Legislative Proposals to Update the Foreign Intelligence Surveillance Act (FISA) (Bradbury) **dated September 6, 2006**

18.   <u>Deputy Counsel to the President</u>: Memorandum re Application of the Pay Act When the Senate Returns Nominations (Koffsky) **dated October 12, 2006**

19.   <u>Associate Deputy Attorney General</u>: Memorandum re Applicability of 18 U.S.C. § 3509(d)(1) to Department of Justice Employees who Access the LinX/R-DEx Data System (Eisenberg) **dated November 15, 2006**

20.   <u>General Counsel, Commerce</u>: Memorandum re Applicability of the Miscellaneous Receipts Act to Contractors Receiving Personal Convenience Fees from Attendees at an Agency-Sponsored Conference (Forrester) **dated November 22, 2006**

**LIST OF OPINIONS**
**January 2007 through December 2007**

1.  <u>General Counsel, DOD</u>: Memorandum re Days of Service by Special Government Employees (Koffsky) **dated January 26, 2007**

2.  <u>Committee on the Judiciary, U.S. House of Representatives</u>: Testimony re Presidential Signing Statements (Elwood) **dated January 31, 2007**

3.  <u>General Counsel, HHS</u>: Memorandum re Legality of Alternative Organ Donation Practices Under 42 U.S.C. § 274e (Simon/Colborn) **dated March 28, 2007**

4.  <u>General Counsel, SEC</u>: Memorandum re Status of Public Company Accounting Oversight Board Under 18 U.S.C. § 207(c) (Koffsky) **dated March 30, 2007**

5.  <u>General Counsel, EPA</u>: Memorandum re Use of Appropriated Funds to Purchase "Light Refreshments" at Government Meetings for Persons Who Are Not Federal Employees (Bamzai) **dated April 5, 2007**

6.  <u>General Counsels of Executive Branch</u>: Memorandum re Officers of the United States Within the Meaning of the Appointments Clause (Bamzai) **dated April 16, 2007**

7.  <u>Subcommittee on Insular Affairs of the Committee on Natural Resources of the U.S. House of Representatives</u>: Testimony re H.R. 900, "Puerto Rico Democracy Act of 2007" and H.R. 1230, "The Puerto Rico Self Determination Act of 2007" (Marshall) **dated April 25, 2007**

8.  <u>Chief Counsel, ATF</u>: Memorandum re When a Conviction Qualifies as a Misdemeanor Crime of Domestic Violence (Colborn) **dated May 17, 2007**

9.  <u>General Counsel, DOD</u>: Memorandum re Eligibility of a Retired Army Officer to be Appointed Inspector General of the Department of Defense (Bamzai) **dated May 18, 2007**

10. <u>Testimony before Committee on the Judiciary, U.S. Senate</u>: Ending Taxation Without Representation, The Constitutionality of S. 1257, "The District of Columbia House Voting Rights Act of 2007" (Bradbury) **dated May 23, 2007**

11. <u>Testimony</u>: Terrorist Surveillance Programs and FISA (Bradbury) **dated June 7, 2007**

12. <u>General Counsel, FBI</u>: Memorandum re Application of the Emoluments Clause to a Member of the Federal Bureau of Investigation Director's Advisory Board (Koffsky/Goldstein) **dated June 15, 2007**

13. <u>The President</u>: Letter regarding Assertion of Executive Privilege Concerning the Dismissal and Replacement of U.S. Attorneys (AG, (b) (6)) **dated June 27, 2007**

14. <u>General Counsel, OJP</u>: Memorandum re Application of the Religious Freedom Restoration Act to the Award of a Grant to World Vision, Inc. Pursuant to the Juvenile Justice and Delinquency Prevention Act (Forrester) **dated June 29, 2007**

15. <u>Counsel to the President</u>: Memorandum re Immunity of Former Counsel to the President from Compelled Congressional Testimony (**(b) (6)**) **dated July 10, 2007**

16. <u>Counsel to the President</u>: Memorandum re Applicability of the Presidential Records Act to the White House Usher's Office (Krass) **dated July 13, 2007**

17. <u>Counsel to the President</u>: Letter re Karl Rove and U.S. Attorney General Matter (Colborn) **dated August 1, 2007**

18. <u>Counselor to the AG</u>: Memorandum re "Legal Considerations in Developing Hiring Protocols for Appointments to the Board of Immigration Appeals (BIA) and Other Supervisory Positions in the Executive Office of Immigration Review (EOIR) (Papez/Forrester) **dated August 8, 2007**

19. <u>Deputy Counsel to the President</u>: Memorandum re Whether the Office of Administration Within the Executive Office of the President is an "Agency" for Purposes of the Freedom of Information Act (Krass) **dated August 21, 2007**

20. <u>Attorney General</u>: Memorandum *In re* **(b) (6)**, A **(b) (6)** *In re* **(b) (6)**, A **(b) (6)**, *In re* **(b) (6)**, A **(b) (6)**, *In re* **(b) (6)**, A **(b) (6)** **(b) (6)** (Simon) **dated September 13, 2007**

21. <u>Counsel to President</u>: Memorndum re Authority of the President to name an Acting Attorney General (Koffsky) **dated September 17, 2007**

22. <u>Associate Deputy Attorney General</u>: Memorandum re Application of Federal Rule of Criminal Procedure 6(e)(2) to the Criminal Investigation Maanagement Information System and IRS Special Agent Reports (Oldham) **dated September 26, 2007**

23. <u>Acting Deputy Attorney General</u>: Memorandum re Attorney General Review of BIA Decision in Matter of H **(b) (6)**-R **(b) (6)** (Simon) **dated October 1, 2007**

24. <u>HUD</u>: Department of Justice Authority to Represent the Secretary of Housing and Urban Development in Certain Potential Suits (Eisenberg) **dated October 10, 2007**

25. <u>Assistant Attorney General, Civil Division</u>: Responsibility of Agencies to Pay Attorney's Fee Awards Under Equal Access to Justice Act (Cienaga Gardens) (Engel/Forrester) **dated October 16, 2007**

26. <u>Assistant Attorney General, Civil Division</u>: Whether the Defense of Marriage Act Precludes the Non-Biological Child of a Member of a Vermont Civil Union From Qualifying for Child's Insurance Benefits Under the Social Security Act (Engel) **dated October 16, 2007**

27.   <u>Acting General Counsel, CIA</u>: Application of 18 U.S.C. § 207 to Former CIA Officials' Communications With CIA Employees on Detail to Other Agencies (Bradbury) **dated October 23, 2007**

28.   <u>Counsel to the President</u>: Term of the Commissioner of Internal Revenue (Elwood) **dated December 4, 2007**

29.   <u>Testimony</u>: The Legal Rights of Guantanamo Detainees: What Are They, Should They Be Changed, and Is an End in Sight? (Engel) **dated December 11, 2007**

30.   <u>Acting Deputy Attorney General</u>: Searches & Dissemination of Documents Blocked Pursuant to the IEEPA (Elwood) **dated December 27, 2007**

**LIST OF OPINIONS**
**January 2008 through December 2008**

1.  <u>Committee on Small Business, U.S. House of Representatives</u>: Testimony re Federal Government Efforts in Contracting with Women-Owned Businesses (Papez) **dated January 16, 2008**

2.  <u>General Counsel, OMB and Acting General Counsel, DHS</u>: Memorandum re Constitutionality of Direct Reporting Requirement in Section 802(e)(1) of the Implementing Recommendations of the 9/11 Commission Act of 2007 (Oldham) **dated January 29, 2008**

3.  <u>Acting Deputy Attorney General</u>: Memorandum re Searches and Dissemination of Documents Blocked Pursuant to the International Emergency Economic Powers Act (Goldstein) **dated February 5, 2008**

4.  <u>General Counsel, VA and Solicitor, DOL</u>: Memorandum re Payment of Back Wages to Physicians Hired Under H-1B Visa Program (Simon) **dated February 11, 2008**

5.  <u>House Committee on the Judiciary, Subcommittee on the Constitution, Civil rights and Civil Liberties</u>: Testimony re CIA's Program of Detention and Interrogation of High-Value (Bradbury) **dated February 14, 2008**

6.  <u>Director, Office of Government Ethics</u>: Memorandum re Office of Government Ethics Jurisdiction Over the Smithsonian Institution and Its Personnel (Kedem) **dated February 29, 2008**

7.  <u>Attorney General</u>: Memorandum re Whether the Department of Justice May Prosecute White House Officials for Contempt of Congress (Colborn/**(b) (6)**) **dated February 29, 2008**

8.  <u>General Counsel, OGE</u>: Memorandum re Whether the Pension Benefit Guaranty Corporation and the Department of Labor are One Department or Agency for Purposes of 18 U.S.C. § 207(c) (Park) dated **March 12, 2008**

9.  <u>Acting General Counsel, DOD</u>: Memorandum re Promotions of the Judge Advocates General under Section 543 of the National Defense Authorization Act for Fiscal Year 2008 (Anderson) **dated April 14, 2008**

10. <u>Subcommittee on the Constitution, Civil Rights and Property Rights, Committee on the Judiciary, United States Senate</u>: Testimony re "Secret Law and the Threat to Democratic and Accountable Government" (Elwood) **dated April 30, 2008**

11. <u>General Counsel, DOT</u>: Memorandum re President's Authority to Terminate or Amend a Certain Congressional Executive Agreement (Phillips) **dated May 9, 2008**

12. <u>Attorney General</u>: Opinion in Matter of J**(b) (6)** S**(b) (6)** (A**(b) (6)**) (Simon) **dated May 15, 2008**

13.    <u>The President</u>: Letter re Executive Privilege (Colborn/ (b) (6) /Bradbury) **dated May 21, 2008**

14.    <u>General Counsel, OMB</u>: Memorandum re Validity of the Food, Conservation, and Energy Act of 2008 (Agarwal) **dated May 23, 2008**

15.    <u>Attorney General</u>: Memorandum re Proposed Amendment of Executive Order 12146 Concerning the Legal Opinions of the Attorney General and Other Matters (Bradbury) **dated May 27, 2008**

16.    <u>Acting General Counsel, EPA</u>: Memorandum re Whether Agency Employees May be held Liable for Losses Caused by Their Negligence or Misuse of Government Personal Property (Kedem) **dated May 28, 2008**

17.    <u>General Counsel, OPM</u>: Memorandum re Admissibility of Electronic Copies of Personnel Records in Federal Litigation (Forrester) **dated May 30, 2008**

18.    <u>Counsel to the President</u>: Memorandum re Whether the Office of Administration May Provide Records Management Services to Entities within the Executive Office of the President Subject to the Federal Records Act (Kedem) **dated June 3, 2008**

19.    <u>Senate Select Committee on Intelligence</u>: Testimony re CIA's Detention and Interrogation of Al Qaeda Terrorists (Closed Hearing) (Bradbury) **dated June 10, 2008**

20.    <u>The President</u>: Letter asking for Assertion of Executive Privilege Over Communications Regarding EPA's Ozone Air Quality Standards and California's Greenhouse Gas Waiver Request (AG, Colborn) **dated June 19, 2008**

21.    <u>The President</u>: Letter asking for Executive Privilege with Respect to Dep't of Justice Documents Subpoenaed by the Committee On the Government Reform of the House of Representatives (AG, Colborn) **dated July 15, 2008**

22.    <u>Acting General Counsel, HHS</u>: Memorandum re Scope of the Definition of "Variola Virus" under the Intelligence Reform and Terrorism Prevention Act of 2004 (Simon) **dated July 24, 2008**

23.    <u>General Counsel, DOC</u>: Memorandum re Applicability of 18 U.S.C. § 207(f) to Public Relations Activities Undertaken for a Foreign Corporation Controlled by a Foreign Government (Anderson) **dated August 13, 2008**

24.    <u>General Counsel, OJP</u>: Memorandum re Fiscal Year Availability of Certain Appropriations for the Public Safety Officers' Benefits Program (Kedem) **dated September 2, 2008**

25.    <u>Attorney General</u>: In re A-T- **dated September 22, 2008**

26.    <u>Attorney General</u>: In re R-A- **dated September 25, 2008**

27.     Secretary of the Treasury: Letter re Amended and Restated Senior Preferred Stock Purchase Agreements between the United States Department of the Treasury and the Federal National Mortgage Ass'n (Koffsky) **dated September 26, 2008**

28.     Chief Counsel, FAA: Letter re Whether the Federal Aviation Administration's Finalizing and Implementing of Slot Auction Regulations Would Violate the Anti-Deficiency Act (Anderson) **dated October 7, 2008**

29.     Acting AAG, CRM: Memorandum re Scope of Exemption under Federal Lottery Statutes for Lotteries Conducted by a State Acting under the Authority of State Law (Phillips/Forrester) **dated October 16, 2008**

30.     General Counsel, NSF: Memorandum re Air Force's Responsibility to Pay for a Judgment Arising Out of a Contract Administered on Behalf of the National Science Foundation (Agarwal) **dated November 4, 2008**

31.     General Counsel, FBI: Memorandum re Requests for Information Under the Electronic Communications Privacy Act (Anderson) **dated November 5, 2008**

32.     Attorney General: In re Silva-Trevino **dated November 7, 2008**

33.     Senate majority leader: Constitutionality of the OLC Reporting Act of 2008 (AG) **dated November 14, 2008**

34.     Acting General Counsel, DHS: Memorandum re Meaning of "Temporary" Work Under 8 U.S.C. § 1101(a)(15)(H)(ii)(b) (Anderson) **dated December 18, 2008**

35.     Acting AAG, CRM: Memorandum re Head of State Immunity (Kedem) **dated December 24, 2008**

**LIST OF OPINIONS**
January 2009 through December 2009

1.  <u>Counsel to the President</u>: Memorandum re Legal Issues Relating to the Testing, Use, and Deployment of an Intrusion-Detection System (EINSTEIN 2.0) to Protect Unclassified Computer Networks in the Executive Branch (Lehotsky) **dated January 9, 2009**

2.  <u>General Counsel/JMD</u>: Memorandum re Status of Presidential Memorandum Addressing the Use of Polygraphs (Marwell) **dated January 14, 2009**

3.  <u>General Counsel/FBI</u>: Memorandum re Authority of Acting Officials to Sign National Security Letters (Anderson) **dated January 16, 2009**

4.  <u>AAG/OLA</u>: Memorandum re Constitutionality of a Draft Version of the Local Law Enforcement Hate Crimes Prevention Act of 2009 (Lederman) **dated March 10, 2009**

5.  <u>Attorney General</u>: Memorandum re the Withdrawal of Office of Legal Counsel CIA Interrogation Opinions (Barron) **dated April 15, 2009**

6.  <u>Acting AAG/OLA</u>: Memorandum re the Constitutionality of the Ronald Reagan Centennial Commission Act of 2009 (Forrester) **dated April 21, 2009**

7.  <u>Attorney General</u>: Memorandum re Validity of Statutory Rollbacks as a Means of Complying with the Ineligibility Clause (Thompson/Anderson) **dated May 20, 2009**

8.  <u>Acting Legal Adviser/DOS</u>: Memorandum re Constitutionality of Section 7054 of the Fiscal Year 2009 Department of State, Foreign Operations, and Related Programs Appropriations Act (Paisner) **dated June 1, 2009**

9.  ██████████████ (b) (5) ██████████████ (Barron) **dated June 3, 2009**

10. <u>Attorney General</u>: Memorandum re Withdrawal of the Office of Legal Counsel Opinion (Barron) **dated June 11, 2009**

11. <u>AAG/OLA</u>: Memorandum re Constitutionality of the Matthew Shepard Hate Crimes Prevention Act (Stith) **dated June 16, 2009**

12. <u>Counsel to the President</u>: Memorandum re Eligibility of a Retired Military Officer and Appointment as Administrator of the National Aeronautics and Space Administration (LeBlanc) **dated July 8, 2009**

13. ██████████████ (b) (5) ██████████████ ((b) (6)) **dated August 14, 2009**

14.   <u>Associate Deputy Attorney General</u>: Memorandum re Additional Legal Questions Concerning the EINSTEIN 2.0 Program (Price) **dated August 14, 2009**

15.   <u>General Counsel/SBA</u>: Memorandum re Permissibility of Small Business Administration Regulations Implementing the Historically Underutilized Business Zone, 8(a) Business Development, and Service-Disabled Veteran-Owned Small Business Concern Programs (LeBlanc) **dated August 21, 2009**

16.   <u>Executive Secretary/Task Force on Detention Policy</u>: Memorandum re Whether the Review Described in the Section 4 of Executive Order 13492 Remains Pending for Purposes of Section 7 of that Order (Snyder) **dated August 28, 2009**

17.   ███████████████ (b) (5) ███████████████ (Marwell) **dated September 3, 2009**

18.   ███████████████ (b) (5) ███████████████ (Lue) **dated September 4, 2009**

19.   <u>General Counsel/FHFA</u>: Memorandum re Authority to the Former Inspector General of the Federal Housing Finance Board to Act as Inspector General for the Federal Housing Finance Agency (Price) **dated September 8, 2009**

20.   <u>Counsel to the President</u>: Application of 5 U.S.C. § 3110 to Two Proposed Appointments by the President to Advisory Committees (Barron, Paisner) **dated September 17, 2009**

21.   ███████████████ (b) (5) ███████████████ (Thompson) **dated October 9, 2009**

22.   <u>Assistant Secretary/TREAS</u>: Memorandum re Constitutionality of Mandatory Registration of Credit Rating Agencies (Cedarbaum) **dated October 22, 2009**

23.   <u>Deputy General Counsel/HUD</u>: Memorandum re Applicability of Section 163 of Division B of Public Law 111-68 to Payments in Satisfaction of Pre-Existing Contractual Obligations (Bulman-Pozen) **dated October 23, 2009**

24.   <u>Principal Deputy Counsel to President</u>: Memorandum re Removability of the Federal Coordinator for Alaska Natural Gas Transportation Projects (Venugopal) **dated October 23, 2009**

25.   ███████████████ (b) (5) ███████████████ (Thompson) **dated October 27, 2009**

26.   ███████████████ (b) (5) ███████████████ (Cedarbaum) **dated November 10, 2009**

27.  <u>Assistant Attorney General/CRM</u>: Memorandum re Whether the Ten-Year Minimum Sentence in 18 U.S.C § 924(c)(1)(B)(I) Applies to Semiautomatic Assault Weapons (Gorod) **dated November 10, 2009** [updated Nov. 24 for publication]

28.  <u>Counsel to the President</u>: Memorandum re Applicability of the Emoluments Clause and the Foreign Gifts and Decorations Act to the President's Receipt of the Nobel Peace Prize (Venugopal) **dated December 7, 2009**

29.  <u>General Counsel/EPA</u>: Memorandum re Whether Subsection 104(b)(4) of the Clean Air Act Permits the Receipt of Monetary Donations (Kirschner) **dated December 8, 2009**

30.  <u>Attorney General</u>: Memorandum re The Scope of the Attorney General's Authority in Certifying Whether a State Has Satisfied the Requirements for Appointment of Competent Post-Conviction Counsel in Chapter 154 of Title 28, United States Code (Paisner) **dated December 16, 2009**

**LIST OF OLC OPINIONS**
January 2010 through December 2010

1.  <u>General Counsel, DOC</u>: Memorandum re Census Confidentiality and the Uniting and Strengthening America by Providing Appropriate Tools Required to Intercept and Obstruct Terrorism Act of 2001 (Price) **dated January 4, 2010**

2.  <u>Legal Adviser/NSC</u>: Memorandum re Engagement with the International Criminal Court (Bulman-Pozen) **dated January 15, 2010**

3.  <u>NSC</u>: Memorandum re Whether the President Can Use "Unanticipated Needs" Funds to Pay Security-Related Hotel Expenses Incurred by a Supreme Court Nominee (Barron) **dated January 15, 2010**

4.  <u>General Counsel/OPM</u>: Memorandum re Whether the Office of Personnel Management Has Authority to Direct a Federal Employees Health Benefits Program Carrier Not to Enroll an Individual Who Has Been Deemed Eligible by the Relevant Employing Agency and, If So, Whether It Can Allow Enrollment Even If It Has Concluded that the Individual Is Statutorily Ineligible (Gorod) **dated January 20, 2010**

5.  <u>General Counsel/OPM</u>: Memorandum re Whether the Federal Employees Health Benefits Program Must be Administered in Compliance with an Order Issued by a Federal Judge Serving as a Hearing Officer Under a Federal Court's Employment Dispute Resolution Plan (Paisner) **dated January 20, 2010**

6.  <u>OMB</u>: Memorandum re Proposed Constitution for the U.S. Virgin Islands [drafted by OLC at the request of OLA for signature] **dated February 23, 2010**

7.  ██████████ **(b) (5)** ██████████
    **dated March 5, 2010**

8.  <u>Testimony before the Committee on Energy and Natural Resources/Senate</u>: Re Proposed Constitution for the Virgin Islands (Cedarbaum) **dated March 17, 2010**

9.  <u>General Counsel/DOD</u>: Memorandum re Obligation ofthe Department of Defense to Acquiesce or Nonacquiesce in Witt v. Department of the Air Force, 527 F3d 806 (9th Cir. 2008) (Paisner) **dated March 25, 2010**

10. <u>Assistant Secretary for Financial Institutions/TREAS</u>: Letter re Orderly Liquidation Authority Panel that would be Authorized by Section 202 of the Committee Print of the Restoring American Financial Stability Act of2010 (Paisner) **dated April 19, 2010**

11. <u>Acting Deputy Attorney General</u>: Memorandum re Whether the Criminal Provisions of the Violence Against Women Act Apply to Otherwise Covered Conduct When the Offender and Victim Are the Same Sex (Bulman-Pozen) **dated April 27, 2010**

12. <u>Chief Counsel/IRS</u>: Memorandum re Applicability of Tax Levies Under 26 U.S.C. § 6334 to Thrift Savings Plan Accounts (Price) **dated May 3, 2010**

13.    <u>Counsel to the President</u>: Memorandum re Administration of the Ronald Reagan Centennial Commission (Forrester) **dated May 7, 2010**

14.    <u>Chairman/Administrative Conference of the U.S.</u>: Memorandum re Applicability of the Emoluments Clause to Nongovernmental Members of ACUS (Venugopal) **dated June 3, 2010**

15.    <u>General Counsel OPM</u>: Memorandum re Whether the Entitlement to Reservist Differential Pay Under the Prior Version of 5 U.S.C. § 5538 Extends to the Period Following the Completion of Active Duty During Which a Returning Reservist May Apply or Report for Reemployment Under 38 U.S.C. § 4312 (Akowuah) **dated June 28, 2010**

16.    (b) (5)
       (Anderson) **dated July 16, 2010**

17.    <u>Assistant General Counsel/DOC</u>: Memorandum re Applicability of the Emoluments Clause and the Foreign Gifts and Decorations Act to the Goteborg Award for Sustainable Development (Venugopal) **dated October 6, 2010**

18.    <u>General Counsel/Dept. of Treasury</u>: Memorandum re Whether the Special Master for Troubled Asset Relief Program Executive Compensation Is a Principal Officer under the Appointments Clause (Lilley) **dated November 5, 2010**

19.    <u>Acting General Counsel, SSA</u>: Memorandum re Disposition of Proceeds from the Sale of Real Property Acquired with Money from the Social Security Trust Funds (Venugopal) **dated December 17, 2010**

20.    <u>Acting Deputy Attorney General</u>: Memorandum re The Availability of Crime Victims' Rights Under the Crime Victims' Rights Act of 2004 (Winn) **dated December 17, 2010**

**LIST OF OLC OPINIONS**
January 2011 through December 2011

1.  <u>General Counsel, EPA</u>: Memorandum re Reimbursement or Payment Obligation of the Federal Government Under Section 313(c)(2)(B) of the Clean Water Act (Dunbar) **dated February 25, 2011**

2.  <u>Attorney General</u>: Memorandum re Use of Military Force in Libya ((b) (6)) **dated April 1, 2011**

3.  <u>Counsel to the President</u>: Memorandum re Authority to Employ White House Office Personnel Exempt from the Annual and Sick Leave Act Under 5 U.S.C. § 6301(2)(xi) During an Appropriations Lapse (Pulham) **dated April 8, 2011**

4.  <u>Counsel to the President</u>: Memorandum re Whether Bills May Be Presented by Congress and Returned by the President by Electronic Means (Forrester) **dated May 3, 2011**

5.  <u>Chair/Members, Access Review Committee</u>: Memorandum re Applicability of the Foreign Intelligence Surveillance Act's Notification Provision to Security Clearance Adjudications by the Department of Justice Access Review Committee (Mizer) **dated June 3, 2011**

6.  <u>Counsel to the President</u>: Memorandum re Constitutionality of Legislation Extending the Term of the FBI Director (Mizer) **dated June 20, 2011**

7.  <u>Acting General Counsel/HHS</u>: Memorandum re Department of Health and Human Services May Provide the Government Accountability Office Access to Information in the National Directory of New Hires (Kirschner) **dated August 23, 2011**

8.  <u>General Counsel/Office of Science and Technology Policy</u>: Memorandum re Unconstitutional Restrictions on Activities of the Office of Science 1340(a) of the Department of Defense and Full-Year Continuing Appropriations Act, 2011 (Price) **dated September 19, 2011**

9.  <u>Assistant Attorney General/CRM</u>: Memorandum re Whether Proposals by Illinois and New York to Use the Internet and Out-of-State Transaction Processors to Sell Lottery Tickets to In-Stat Adults Violate the Wire Act (Mizer) **dated September 20, 2011**

10. <u>Assistant Attorney General/Civil Division</u>: Memorandum re Potential Whistleblower Litigation Between the Department of Labor and the United States Postal Service (Akowuah) **dated October 26, 2011**

11. <u>Chief Counsel/ATF</u>: Memorandum re Nonimmigrant Aliens and Firearms Disabilities under the Control Act. (Dunbar) **October 28, 2011**

12. <u>General Counsel/OMB/General Counsel USPS</u>: Memorandum re Whether Postal Employees are Entitled to Receive Service Credit, for Purposes of their Retirement Annuity Under the Federal Employees' Retirement System, for Periods of Employment During Which the U.S. Postal Service has not made its Required Employer Contributions (Robin-Vergeer) **dated November 1, 2011**

## LIST OF OLC OPINIONS
January 2012 through December 2012

1.  <u>Counsel to President</u>: Memorandum re Lawfulness of Recess Appointments During a Recess of the Senate Notwithstanding Periodic Pro Forma Sessions (Pulham) **dated January 6, 2012**

2.  <u>Chief Counsel ATF</u>: Memorandum re State of Residence Requirements for Firearms Transfers (Akowuah) **dated January 30, 2012**

3.  <u>General Counsels VA and GSA</u>: Memorandum re Whether the General Services Administration May Proceed with an Assisted Acquisition for the Department of Veterans Affairs in Fiscal Year 2012 Using the Department's Fiscal Year 2009/2010 Funds (Robin-Vergeer) **dated March 2, 2012**

4.  <u>Acting Chief Counsel, ATF</u>: Memorandum re State and Local Deputation of Federal Law Enforcement Officers During Stafford Act Deployments (Price) **dated March 5, 2012**

5.  <u>Associate Attorney General</u>: Memorandum re Constitutionality of Legislation Altering Puerto Rico's Relationship with the United States on the Basis of a Referendum (Price) **dated March 7, 2012**

6.  <u>General Counsel and Executive Vice President</u>: Memorandum re Whether a Collective Bargaining Agreement May Require that the United States Postal Service Apply Seniority Rules to Vacant Positions Notwithstanding Requests by Disabled Employees for Reasonable Accommodations Under the Rehabilitation Act (Mizer) **dated March 19, 2012**

**7.**  <u>Assistant General Counsel for Administration/DOC</u>: Memorandum re The Anti Deficiency Act Implications of Consent by government Employees to Online Terms of Service Agreements Containing Open-ended Indemnification Clauses (Robin-Vergeer) **dated March 27, 2012**

8.  <u>General Counsel/VA</u>: Memorandum re Whether Federal Employees Who Otherwise Qualify for Leave Under Both 5 U.S.C. § 6323(a) and 5 U.S.C. § 6323(b) Must Exhaust Available Leave Under Section 6323(b) Before Taking Leave Under Section 6323(a) (Roberts) **dated April 3, 2012**

9.  <u>Director/Office of Attorney Recruitment and Management</u>: Memorandum re Appointment of Uncompensated Special Attorneys Under 28 U.S.C. § 515 (Mizer) **dated April 25, 2012**

10. <u>General Counsel/VA</u>: Memorandum re Duty to Report Suspected Child Abuse Under 42 U.S.C. § 13031 (Mizer) **dated May 29, 2012**

11. <u>The President</u>: Memorandum re Assertion of Executive Privilege over Documents Generated in Response to Congressional Investigation into Operation Fast and Furious **dated June 19, 2012**

12. ███████████████ (b) (5) ███████████████
    (Roberts) **dated July 3, 2012**

13. ███████████████ (b) (5) ███████████████
    (Price) **dated July 6, 2012**

14. <u>Acting Director/OGE</u>: Memorandum re Whether Individuals May be Required to Provide Basic Identifying Information in Order to Access the Financial Disclosure Reports Made Available on Agency websites During the Period Governed by Section 11(a) of the STOCK Act (Roberts/Hostetler) **dated August 22, 2012**

15. <u>Solicitor/DOL</u>: Memorandum re Whether the United States Dept. of Labor has the Authority to Control the Disclosure of Federal Employee Compensation Act Records Held by the United States Postal Service (Aminfar) **dated November 16, 2012**

16. <u>Gen. Counsel/EOUSA</u>: Memorandum re Residence Requirement for Assistant United States Attorneys under 28 U.S.C. § 545(a) (Heim) **dated November 20, 2012**

## LIST OF OLC OPINIONS
January 2013 through December 2013

1.  General Counsel/Peace Corps: Memorandum re Whether the Peace Corps Director May Certify Peace Corps Response Volunteers for Noncompetitive Eligibility for Federal Employment under Executive Order 11103 (Heim) **dated January. 9, 2013**

2.  **(b) (5)** (Forrester) **dated February 1, 2013**

3.  General Counsel/SSSA: Memorandum re Availability of Appropriations for Social Security Administration Grant Programs Following the Expiration of Authorizations of Appropriations (Pulham) **dated February 4, 2013**

4.  Vice President and General Counsel/Millennium Challenge Corp: Memorandum re Whether the Millennium Challenge Corporation Should be Considered an "Agency" for Purposes of the Open Meeting Requirements of the Sunshine Act (Forrester) **dated May 3, 2013**

5.  **(b) (5)** (Roberts) **dated May 6, 2013**

6.  **(b) (5)** (Roberts) **dated May 13, 2013**

7.  **(b) (5)** (Shah) **dated May 15, 2013**

8.  **(b) (5)** (Heim) **dated July 8, 2013**

9.  Acting General Counsel/DOT: Memorandum re Competitive Requirements under the Federal-Aid Highway Program, 23 U.S.C. § 112 (Robin-Vergeer) **dated August 23, 2013**

10. General Counsel/Public Company Accounting Oversight Board: Memorandum re Status of Public Company Accounting Oversight Board for Purposes of Sequestration under Section 251A of the Balanced Budget and Emergency Deficit Control Act of 1985, as Amended (Heim) **dated September 13, 2013**

11. General Counsel/GSA: Revised Memorandum re Whether it Violates the Antideficiency Act to Award a Severable Services Contract with a Performance Period of Longer than One Year Using Revolving Funds that an Agency Must Reimburse with Time-Limited Funds (Heim) **dated October 21, 2013**

## LIST OF OLC OPINIONS
January 2014 through December 2014

1. <u>U.S. Att'y for D.C.</u>: Letter re scope of prosecutorial discretion under 1984 OLC opinion, 8 Op. O.L.C. 101 (Thompson) **dated June 16, 2014**

2. <u>Counsel to the President</u>: Memorandum re the President and Director of the Office of Political Strategy and Outreach David Simas is immune from compulsion to testify before the House Committee on Oversight and Government Reform and not required to appear in response to subpoena ( (b) (6) ) **dated July 15, 2014**

3. <u>General Counsel/SSA</u>: Memorandum re The Authority of the Equal Employment Opportunity Commission to order a federal agency to pay a monetary award to Remedy a Breach of a Settlement Agreement (Cicconi) **dated August 13, 2014**

4. <u>Secretary of Homeland Security/Counsel to the President</u>: Memorandum re The Department of Homeland Security's Authority to Prioritize Removal of Certain Aliens Unlawfully Present in the United States and to Defer Removal of Others ( (b) (6) ) **dated November 19, 2014**

5. <u>Counsel to the President</u>: Memorandum re Authority to Use Military Force in Iraq ( (b) (6) ) **dated December 30, 2014**

**LIST OF OLC OPINIONS**
January 2015 through December 2015

1.  <u>Subcomm. on Health, Comm. on Veterans Affairs, U.S. House of Representatives</u>:
    Statement for the Record re Draft Legislation to Improve Reproductive Treatment
    Provided to Certain Disabled Veterans; Draft Legislation to Direct the Department of
    Veterans Affairs (VA) to Submit an Annual Report on the Veterans Health Administration;
    H.R. 271; H.R. 627; H.R. 1369; H.R. 1575; and H.R. 1769 (Forrester) **dated April 23,
    2015**

2.  <u>Acting Chairman of The Defense Nuclear Facilities Safety Board</u>: Memorandum re
    Authority of the Chairman of the Defense Nuclear Facilities Safety Board to Disclose
    Performance Appraisals of Senior Executive Service Employees (Reich) **dated May 21,
    2015**

3.  <u>Deputy Attorney General</u>: Memorandum re The Department of Justice Inspector General's
    Access to Information Protected by the Federal Wiretap Act, Rule 6(e)of the Federal Rules
    of Criminal Procedure, and Section 626 of the Fair Credit Reporting Act (Cicconi) **dated
    July 20, 2015**

4.  ███████████████ (b) (5) ███████████████
    ███ (Overvold) **dated September 30, 2015**

5.  <u>Principal Deputy Assistant Attorney General/CRT</u>: Memorandum re Authority to Permit
    Part-Time Employees to Work Regularly Scheduled Workweeks of 33 to 39 hours (Reich)
    **dated December 31, 2015**

## LIST OF OLC OPINIONS
January 2016 through December 2016

1. <u>Assistant General Counsel for Administration and Transactions, DOC</u>: Memorandum re Applicability of the Emoluments Clause to a Special Government Employee of the Department of Commerce (Nitze) **dated January 13, 2016**

2. ███████████████████ (b) (5) ███████████████████
   ███████████████████ (Reich) **dated February 25, 2016**

3. <u>Principal Deputy General Counsel, DHS</u>: Memorandum re Whether a Military Officer May Continue on Terminal Leave After He is Appointed to a Federal Civilian Position Covered by 10 U.S.C § 973(b)(2)(A) (Cicconi) **dated March 24, 2016**

4. <u>General Counsel/DOT</u>: Memorandum re Interpretation of Article 17 bis of the US-EU Air Transport Agreement (Roisman) **dated April 14, 2016**

5. <u>Deputy Attorney General</u>: Memorandum re Authority of the Department of Justice to Disclose Statutorily Protected Materials to Its Inspector General in Light of Section 540 of the Commerce, Justice, Science, and Related Agencies Appropriations Act, 2016 (Reich) **dated April 27, 2016**

6. <u>Counsel to the President</u>: Memorandum re Applicability of the National Emergencies Act to Statutes That Do Not Expressly Require the President to Declare a National Emergency (Reich) **dated August 24, 2016**

7. <u>General Counsel/OMB</u>: Memorandum re Application of the Recommendations Clause to Section 802 of the Medicare Prescription Drug, Improvement, and Modernization Act of 2003 (Reich) **dated August 25, 2016**

8. ███████████████████ (b) (5) ███████████████████
   ███████████████████ (El-Khouri) **dated August 26, 2016**

9. <u>Assistant General Counsel for Administration and Transactions, DOC</u>: Memorandum re Whether an Agency Violates the Antideficiency Act by Obligating Carryover Funds in Violation of an OMB Rule Setting an Automatic Apportionment of Zero Dollars (Flynn/El-Khouri) **dated September 29, 2016**

## LIST OF OLC OPINIONS
January 2017 through December 2017

1. <u>Counsel to the President</u>:  Memorandum re Administration of the John F. Kennedy Centennial Commission (Newland) **dated January 10, 2017**

2.  ((b) (6)) **dated January 11, 2017**

3. <u>Acting General Counsel/HHS</u>:  Memorandum re The Authority of the Department of Health and Human Services to Pay for Private Counsel to Represent an Employee before Congressional Committees (Colborn/Shaub) **dated January 18, 2017**

4. <u>Acting General Counsel/HHS</u>:  Memorandum re Who Qualifies as a "Very Senior" Employee Under 18 U.S.C. § 207(d)(1)(B) (Flynn) **dated January 19, 2017**

5. <u>Counsel to the President</u>:  Memorandum re Application of the Anti-Nepotism Statute to a President Appointment in the White House Office ((b) (6)) **dated January 20, 2017**

6. <u>Counsel to the President</u>:  Memorandum re Appointment of United States Representative (Newland) **dated March 13, 2017**

7. <u>Counsel to the President</u>:  Letter re Authority of Individual Members of Congress to Conduct Oversight of the Executive Branch (Colborn/(b) (6)) **dated May 1, 2017**

8. (b) (5) (Phatak) **dated June 16, 2017**

9. (b) (5) (Overvold) **dated August 31, 2017**

10. <u>Counsel to the President</u>:  Memorandum re Temporary Certification Under the President John F. Kennedy Assassination Records Collection Act of 1992 (Colborn/Kaprove) **dated October 26, 2017**

11. <u>Counsel to the President</u>:  Memorandum re Designating an Acting Director of the Bureau of Consumer Financial Protection ((b) (6)) **dated November 25, 2017**

## LIST OF OLC OPINIONS
January 2018 through December 2018

1.  <u>Acting General Counsel/GSA</u>:   Memorandum re Committee Resolutions Under 40 U.S.C. Section 3307(a) and the Availability of Enacted Appropriations (Guarnieri) **dated January 26, 2018**

2.  <u>General Counsel, OPM</u>:   Memorandum re The Department of Defense's Authority to Conduct Background Investigations for Its Personnel (Overvold) **dated February 7, 2018**

3.  <u>General Counsel, MCC</u>:   Memorandum re Applicability of the Miscellaneous Receipts Act to an Arbitral Award of Legal Costs (Barber) **dated March 6, 2018**

4.  ███████████████ (b) (5) ███████████████ (██(b) (6)██) **dated March 19, 2018**

5.  <u>Counsel to the President</u>:   Memorandum re April 2018 Airstrikes Against Syrian Chemical-Weapons Facilities (██(b) (6)██) **dated May 31, 2018**

6.  <u>Acting Chief Counsel/DEA</u>:   Memorandum re Licensing Marijuana Cultivation in Compliance with the Single Convention on Narcotics Drugs (Brown) **dated June 6, 2018**

7.  <u>Principal Deputy Solicitor/DOI</u>:   Memorandum re The Scope of State Criminal Jurisdiction over Offenses Occurring on the Yakama Indian Reservation (Aminfar) **dated July 27, 2018**

8.  <u>Legal Adviser/DOS</u>:   Memorandum re Constitutionality of Statutory Restrictions on the PLO's Diplomatic Activities (Forrester/Brown) **dated September 11, 2018**

9.  <u>Counsel to the President</u>:   Memorandum re Authority to Withdraw from the North American Free Trade Agreement (██(b) (6)██) **dated October 17, 2018**

10. <u>Acting AAG/Crim Div.</u>:   Memorandum re Reconsidering Whether the Wire Act Applies to Non-Sports Gambling (Newland) **dated November 2, 2018**

11. <u>Counsel to the President</u>:   Memorandum re Designating an Acting Attorney General (█████(b) (6)█████) **dated November 14, 2018**

**LIST OF OLC OPINIONS**
January 2019 through December 2019

1.  <u>Deputy Counsel to the President/WHC</u>:   Memorandum re Constitutionality of Enrolled Bill Mandating the Public Disclosure of Civil Rights Cold Case Records (Forrester) dated **February 4, 2019**

2.  <u>Solicitor of Labor/SOL</u>:   Memorandum re Paying for Removing Structures at the Treasure Lake Civilian Conservation Center (Clarke) **dated February 22, 2019**

3.  <u>Deputy Counsel to the President/WHC</u>:   Memorandum re Designating an Acting Director of the Federal Housing Finance Agency (Buzzard) dated **March 18, 2019**