**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| PROJECT ON GOVERNMENT OVERSIGHT,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARATMENT OF JUSTICE OFFICE OF LEGAL COUNSEL,<br><br>Defendant. | ) | Civil No. 20-1415 (ABJ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE AND PLAINTIFF'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE**

Pursuant to Local Rule 7(h), Plaintiff Project On Government Oversight ("POGO") hereby responds to Defendant U.S. Department of Justice's ("DOJ") Statement of Material Facts as to Which There Is No Genuine Issue (ECF No. 54-2) and submits its Statement of Material Facts as to Which There Is No Genuine Issue in support of Plaintiff's Cross-Motion for Summary Judgment.

**I. Plaintiff's Response to Defendant's Statement of Material Facts as to Which There Is no Genuine Issue.**

1. The principal function of the Office of Legal Counsel (the "Office") is to assist the Attorney General in his role as legal advisor to the President of the United States and to departments and agencies of the Executive Branch. Anderson Decl. ¶ 2.

**Response:** Admit that one of the functions of the Office of Legal Counsel ("OLC") is to assist the Attorney General in his role as legal adviser to the President of the United States and to departments and agencies of the Executive Branch.

2. The Office provides advice and prepares opinions addressing a wide range of legal questions involving the operations of the Executive Branch. *Id.*

**Response:** Admit that among other things OLC provides advice and prepares opinions, including preparing the formal opinions of the Attorney General, that address a wide range of legal questions involving the operations of the Executive Branch.

3. The Office does not purport to make policy decisions, and in fact lacks authority to make such decisions. *Id.*

**Response:** Denied and aver that, as an internal OLC memorandum reinforces, OLC's core function is providing "controlling" legal interpretations to executive branch officials on questions of law that are centrally important to the functioning of the federal government. Memorandum from Acting Assistant Attorney General David J. Barron to Attorneys of the Office, *Best Practices for OLC Legal Advice and Written Opinions*, July 16, 2010 ("Best Practices Memo"), *available at* https://www.justice.gov/olc/best-practices-olc-legal-advice-and-written-opinions. OLC's formal opinions effectively may be the final word on controlling law because OLC frequently is asked to weigh in on "issues of first impression that are unlikely to be resolved by the courts[.]" *Id.* at 1.

4. The Office's legal advice and analysis may inform the decisionmaking of executive branch officials on matters of policy, but the Office's legal advice is not itself dispositive as to any policy adopted. *Id.*

**Response:** Denied, and aver that as former Attorney General Michael Mukasey testifying before Congress in 2008 stated, "the Justice Department . . . could not investigate or prosecute somebody for acting in reliance on a Justice Department opinion[.]" Moreover, as an internal OLC memorandum reinforces, OLC's core function is providing "controlling" legal

interpretations to executive branch officials on questions of law that are centrally important to the functioning of the federal government. Memorandum from Acting Assistant Attorney General David J. Barron to Attorneys of the Office, *Best Practices for OLC Legal Advice and Written Opinions*, July 16, 2010 ("Best Practices Memo"), *available at* https://www.justice.gov/olc/best-practices-olc-legal-advice-and-written-opinions. OLC's formal opinions effectively may be the final word on controlling law because OLC frequently is asked to weigh in on "issues of first impression that are unlikely to be resolved by the courts[.]" *Id.* at 1.

5. The Office legal advice in all its forms is generally kept confidential, regardless of the recipient within the Executive Branch. *Id.* ¶ 3.

**Response:** Denied as to the titles of OLC opinions at issue here, which OLC has admitted were "created by a staff assistant for use within OLC as tables of contents[.]" Anderson Decl. ¶ 16.

6. The President and other Executive Branch officials (like other public- and private-sector clients) often depend upon the confidentiality of legal advice in order to fulfill their duties effectively. *Id.*

**Response:** Denied. POGO is not challenging the withholding of legal advice that OLC provides the President and other Executive Branch officials and therefore this is not a material fact.

7. One important reason the Office legal advice often needs to stay confidential is that it is part of a larger deliberative process—a process that itself requires confidentiality to be effective. *Id.*

**Response:** Denied. POGO is not challenging the withholding of legal advice that OLC provides the President and other Executive Branch officials and therefore this is not a material fact.

8. The Office is often asked to provide advice and analysis with respect to very difficult and unsettled issues of law. *Id.* ¶ 4.

**Response:** Denied. POGO is not challenging the withholding of legal advice and analysis that OLC is asked to provide and therefore this is not a material fact.

9. Frequently, such issues arise in connection with highly complex and sensitive activities of the Executive Branch on matters that can be quite controversial. *Id.*

**Response:** Denied. POGO is not challenging the withholding of legal advice and analysis that OLC is asked to provide and therefore this is not a material fact.

10. On October 1, 2018, the Office received a request from Daniel Van Schooten on behalf of plaintiff Project on Government Oversight, requesting "A list of all [the Office] opinions from January 1, 1998 through the present." *Id.* ¶ 9; *see also* Ex. A, at 1 (FOIA Request (Oct. 1, 2018) ("the FOIA Request").

**Response:** Admitted.

11. The Office provided that supplemental response on April 28, 2023. Anderson Decl. ¶ 13; *see also* Ex. E, at 1 (Supp. Response (Apr. 28, 2023)).

**Response:** Admitted.

12. In that response, the Office informed Plaintiff that some material remained redacted pursuant to Exemptions 5 or 6. Anderson Decl. ¶ 13.

**Response:** Admitted.

13. Plaintiff challenges only the twenty redactions pursuant to Exemption 5 in documents provided by the Office in its supplemental response. *Id.* ¶ 14.

**Response:** Denied. Plaintiff challenges 23 redactions pursuant to Exemption 5. *See* Exhibit A.

14. The records are twenty-two lists created by a staff assistant for use within the Office as tables of contents for a set of binders of documents that were referred to by the Office attorneys desiring easy hard-copy access to the recent work of the Office. *Id.* ¶ 16.

**Response:** Admitted.

15. Each list covers one calendar year, for the years 1998 to 2019. *Id.*

**Response:** Admitted.

16. The search was conducted on April 8, 2019 and the records were processed shortly thereafter, the final record contains only those entries that had been added to the 2019 list as of that date. *Id.*

**Response:** Admitted.

17. The lists "were prepared for internal reference by a staff assistant and were not intended to serve as a comprehensive or accurate index of all the Office opinions on questions of law." *Id.* ¶ 17.; *see also* Ex. E, Supp. Response at 1.

**Response:** Admitted, except that Plaintiff lacks knowledge as to the intent of the staff assistant who created the lists.

18. The lists were not reviewed for accuracy by others within the Office or edited for public consumption. Anderson Decl. ¶ 17.

**Response:** This is not a material fact.

19. Some titles may not be accurate, some items may not have been listed, and some items may be listed although they may not meet the definition of "[the Office] opinions" as sought in the FOIA request. *Id.*

**Response:** This is not a material fact.

20. The lists were processed in the form that they were located among the Office's records by FOIA staff conducting the search. *Id.*

**Response:** Admitted.

21. Each list contains entries identifying documents generated by the Office during the relevant year. *Id.* ¶ 18.

**Response:** Admitted except Plaintiff lacks knowledge as to the entries that OLC has redacted.

22. With some minor exceptions, each entry identifies the recipient of the document, a title or brief description of the document, the date of the document, and one or more names of the Office attorneys. *Id.*

**Response:** Admitted except Plaintiff lacks knowledge as to the entries that OLC has redacted.

23. In many instances the listed names "are not the signatories or principal authors of the documents; among these names are [the Office] line attorneys who may have assisted with the preparation of these documents or otherwise had some relevant information about the matter." *Id.*; *see also* Ex. E, Supp. Response at 1.

**Response:** This is not a material fact as Plaintiff is not challenging the redaction of any listed names.

24. The Office redacted all material from the records under Exemption 5, the deliberative process and attorney-client privileges. Anderson Decl. ¶ 21.

**Response:** Admitted that this is the basis on which OLC redacted the material at issue but deny any implication those redactions were proper.

25. The redactions pursuant to Exemption 5 cover only the name of the recipient and the title or brief description of the relevant entries. *Id.* ¶ 22.

**Response:** Admitted.

26. The redactions serve to protect the identity of a client and the subject matter of the advice sought and provided. *Id.*

**Response:** Admit that OLC has described the withheld material as including the identity of a client and the subject matter of the advice sought but Plaintiff lacks knowledge as to the entries that OLC has redacted. Plaintiff denies any implication that the redactions were proper.

27. The redacted client identities and titles are protected by the attorney-client privilege because the titles of the documents identify the opinion's subject matter, thereby revealing the client's confidential request for legal advice and some of the content of the Office advice. *Id.* ¶ 23.

**Response:** Denied. This is a legal issue in dispute, not a material fact.

28. The opinions referenced by the entries were authored by the Office attorneys and provided to the Office of Legal Counsel's clients throughout the executive branch that sought confidential legal advice. *Id.*

**Response:** Admit that OLC has described the withheld material as authored by the Office attorneys and provided to agencies throughout the executive branch but Plaintiff lacks knowledge as to the entries that OLC has redacted. Denied that these agencies sought

confidential legal advice, which is a legal issue in dispute, not a material fact. POGO is not challenging the withholding of legal advice that OLC was asked to provide and therefore this is not a material fact.

29. The subject matters of the legal advice sought are confidential facts transmitted from these clients to their attorneys in the Office for the purpose of seeking legal advice. *Id.*

**Response:** Denied. This is a legal issue in dispute, not a material fact.

30. The legal advice is pre-decisional because it was prepared by the Office for the consideration of senior government decisionmakers to aid those decisionmakers in deciding how to proceed. *Id.* ¶ 24.

**Response:** Denied. POGO is not challenging the withholding of legal advice that OLC was asked to provide and therefore this is not a material fact.

31. The material is deliberative because it identifies advice that was provided about questions under consideration by those decisionmakers. *Id.*

**Response:** Denied. This is a legal issue in dispute, not a material fact. To the extent "[t]he material" references legal advice that OLC was asked to provide this is not at issue because POGO is not challenging the withholding of legal advice and therefore is not a material fact.

32. In addition, disclosure would reveal the decisionmakers' deliberations by implicitly conveying that those who requested the advice believed that those questions were important or challenging enough to seek legal advice from the Office of Legal Counsel. *Id.*

**Response:** Denied. This is a legal issue in dispute, not a material fact.

33. Along with the deliberative process and attorney-client privileges, the Office also redacted material from the entry identified as 2010, No. 7 pursuant to Exemption 5, the attorney-

work product doctrine because it was prepared by attorneys for the purpose of litigation. *Id.* ¶¶ 21, 25.

**Response:** Admitted that OLC redacted material from the entry identified as 20010, No. 7, pursuant to the attorney work-product doctrine but deny that OLC has established that it was prepared for the purpose of litigation. Plaintiff denies any implication the document was properly withheld, which is a legal issue in dispute, not a material fact.

34. Along with the deliberative process and attorney-client privileges, the Office also redacted information from the entries identified as 2010, No. 16 and 2018, No. 4 pursuant to Exemption 5, the presidential communications privilege because they reflect communications with senior presidential advisers for the purpose of presidential decisionmaking. *Id.* ¶¶ 21, 26.

**Response:** Admitted that OLC redacted information from the entries identified as 2010, No. 16 and 2018, No. 4 pursuant to the presidential communications privilege but deny that the withheld information reflects communications with senior presidential advisers for the purpose of presidential decisionmaking, which OLC has not established. Plaintiff denies any implication the document was properly withheld, which is a legal issue in dispute, not a material fact.

35. Disclosure of the titles and recipients of the Office of Legal Counsel's confidential legal advice has the effect of revealing a core client confidence—the fact of having sought legal advice on a particular question at a particular time. *Id.* ¶ 28.

**Response:** Denied. This is a legal issue in dispute, not a material fact.

36. Attorneys at the Office often asked to provide advice and analysis with respect to very difficult and unsettled questions of law, and on matters that can be quite controversial and for these matters, it is essential to the proper functioning of the Executive Branch that clients'

willingness to seek the Office of Legal Counsel's legal advice on hard or controversial questions not be inhibited by concerns about the risk of public disclosure. *Id.*

**Response:** Denied. This is a legal issue in dispute, not a material fact. To the extent this references advice and analysis OLC provides it is not a material fact in dispute as POGO is not challenging the withholding of legal advice and analysis.

37. Protecting the confidentiality of the subject of the Office's legal advice whether provided in the context of litigation or presidential (or other Executive Branch) deliberations is also essential both to ensure that creative and sometimes controversial legal arguments and theories may be examined candidly, effectively, and in writing, and to ensure that the President, his advisers, and other Executive Branch officials continue to request and rely on frank legal advice from the Office and other government attorneys on sensitive matters. *Id.*

**Response:** Denied. This is a legal issue in dispute, not a material fact.

38. Compelled disclosure of the redacted material would undermine government decisionmakers' ability to seek and receive experienced and informed legal advice from the Office of Legal Counsel, compromising the deliberative processes of the Executive Branch. *Id.* ¶ 29.

**Response:** Denied. This is a legal issue in dispute, not a material fact.

39. Because the Office attorneys are often called upon by litigating components of the Department to advise on aspects of legal theories or to advise on briefs in areas in which they have subject matter expertise, compelled disclosure of the Office of Legal Counsel's input into the Department's development of litigation positions would undermine these processes, and the litigating components would be less likely to seek written advice from the Office in the future. *Id.* ¶ 30.

**Response:** Denied. This is a legal issue in dispute, not a material fact. Plaintiff further avers that disclosing the titles of OLC opinions will not disclose the substance of OLC's input into the Department's development of litigation positions.

40. As with other senior decisionmakers, the Office provides advice to the President and his advisers on a variety of topics which are often sensitive. *Id.* ¶ 31.

**Response:** Denied. POGO is not challenging the withholding of the advice that OLC provides the President and his advisers and therefore this is not a material fact.

41. Compelled disclosure of the advice to the President's advisers would breach that confidentiality and harm the President's ability in the future to rely on the availability of the Office of Legal Counsel's legal advice in order to effectively carry out the responsibilities of the office. *Id.*

**Response:** Denied. POGO is not challenging the withholding of the advice that OLC provides the President and his advisers and therefore this is not a material fact.

42. A line-by-line reviewed was conducted. *Id.* ¶ 32.

**Response:** Admitted that OLC attested to conducting a line-by-line review.

43. The redacted information does not contain reasonably segregable, nonexempt information. *Id.*

**Response**: Denied. This is a legal issue in dispute, not a material fact.

44. The redacted material has never been publicly adopted or incorporated by reference by any policymaker as a basis for a policy decision. *Id.* ¶ 33.

**Response:** Denied. Plaintiff lacks knowledge as to the content of the redacted material.

45. The redacted material has not been previously disclosed publicly. *Id.* ¶ 34.

**Response:** Denied. Plaintiff lacks knowledge as to the content of the redacted material.

## II. Plaintiff's Statement of Material Facts as to Which There Is No Genuine Dispute.

1. OLC's functions include the preparation of formal opinions of the Attorney General. 28 C.F.R. § 0.25(a).

2. The President by executive authority has directed agency heads to submit inter-agency disputes to the Attorney General "[w]henever two or more Executive agencies are unable to resolve a legal dispute between them." Exec. Order No. 12,146, § 1-401, reprinted as amended in 28 U.S.C. § 509 (1988). By order of the Attorney General that authority now resides with OLC. Att'y Gen. Order No. 9-53 (Apr. 3, 1953).

3. According to an internal OLC memorandum, OLC's core function is to provide "controlling" legal interpretations to executive branch officials on questions of law that are centrally important to the functioning of the federal government." Memorandum from Acting Assistant Attorney General David J. Barron to Attorneys of the Office, *Best Practices for OLC Legal Advice and Written Opinions*, July 16, 2010 ("Best Practices Memo"), *available at* https://www.justice.gov/olc/best-practices-olc-legal-advice-and-written-opinions. OLC's formal opinions effectively may be the final word on controlling law because OLC frequently is asked to weigh in on "issues of first impression that are unlikely to be resolved by the courts[.]" *Id.* at 1.

4. OLC's Best Practices Memo also requires OLC to "operate[] from the presumption that it should make its significant opinions fully and promptly available to the public" to ensure "accountability and effective government, and promot[e] public confidence in the legality of government action." *Id.* at 5. Where OLC "concludes that a federal statutory requirement is invalid on constitutional grounds and where the Executive Branch acts (or declines to act) in reliance on such a conclusion" timely publication plays a critical role in

assuring the public "that Executive action is based on sound legal judgment and in furtherance of the President's obligation to take care that the laws, including the Constitution, are faithfully executed." *Id.*

5. In this litigation POGO is contesting DOJ's reliance on Exemption 5 to withhold the titles of 23 opinions in the lists provided POGO in response to its FOIA request. *See* Exhibit A.

6. The lists DOJ provided POGO were created by a staff assistance for use within OLC as tables of contents. Anderson Decl. ¶ 16.

7. The 23 withheld titles reflect nothing about the back and forth exchange of ideas, constructive feedback, and informal debate. Anderson Decl. ¶¶ 18, 22.

8. Nothing in the Anderson Declaration identifies the level and nature of the officials for whom OLC provided advice it claims falls within the presidential communications privilege.

Respectfully submitted,

*/s/ Anne L. Weismann*
Anne L. Weismann
(D.C. Bar No. 298190)
5335 Wisconsin Ave., N.W., Suite 640
Washington, D.C. 20015
Phone: 301-717-6610
Weismann.anne@gmail.com

Dated: March 27, 2024

*Attorney for Plaintiff*